342 So.2d 1042 (1977)
Thomas H. COULSON, Appellant,
v.
STATE of Florida, Appellee.
No. 76-464.
District Court of Appeal of Florida, Fourth District.
February 18, 1977.
Richard L. Jorandby, Public Defender, and Paul M. Herman, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony C. Musto, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant Thomas H. Coulson pleaded guilty to burglary and was placed on probation for a period of five years. In addition to the standard conditions of probation, the trial court also imposed as conditions that Coulson: "... 13) OBTAIN and maintain employment" and "14) DRAW no unemployment compensation during period of probation." Coulson's sole point on appeal attacks the latter condition as improper.
It is well settled that the primary purpose of probation is to rehabilitate the individual while he is at liberty under supervision. Bernhardt v. State, 288 So.2d 490 *1043 (Fla. 1974). In the matter of granting probation and specifying conditions thereof trial courts are necessarily vested with a broad, but not unbridled, discretion. Kominsky v. State, 330 So.2d 800 (Fla. 1st DCA 1976). And the terms and conditions of probation are valid if the activities restricted bear a reasonable relation to the past or future criminality of the probationer, notwithstanding that such activities may be lawful in themselves. See, e.g., Malone v. United States, 502 F.2d 554 (9th Cir.1974). Because of the broad discretion reposing in the trial judge appellate courts should be wary of interfering with his design of conditions to effectuate a successful probation. However, if a special condition of probation is so punitive as to be unrelated to rehabilitation, it can not be imposed. Kominsky v. State, supra.
We hold that the imposition of the condition prohibiting Coulson from ever drawing unemployment compensation during the five year period of his probation is an abuse of discretion in this case because it is an unnecessary restriction upon the valid exercise of a valuable right. It could well be that Coulson may become unemployed during his probation period without any fault on his part and while he is exercising every effort to obtain new employment. In such a case he would certainly not be in violation of condition 13, above, yet he would be precluded from obtaining a benefit afforded to all other citizens in like circumstances. Of course, if prohibiting the acceptance of unemployment compensation benefits were the only way to insure Coulson's continuous effort to be employed, then the condition might be valid, since a limitation on the exercise of one's constitutional rights can be the valid subject of a condition of probation. In re Mannino, 14 Cal. App.3d 953, 92 Cal. Rptr. 880, 45 A.L.R.3d 996 (1971). However, where a substantial right is to be delimited it would seem reasonable to require that there are no other available alternative means to accomplish the desired end.
In the present case the trial court imposed a condition that Coulson obtain and maintain employment. If he fails to maintain employment clearly without fault, then he would not be in violation of such condition, and drawing unemployment compensation is not going to affect the bona fides of his unemployment. If Coulson fails to maintain employment through his own fault, he would be in violation of condition 13, and he could not under these circumstances qualify for unemployment compensation. Unquestionably, maintaining employment is an effective tool in rehabilitating a probationer. In this case that can be adequately accomplished by condition 13, above. Condition 14 only serves to penalize Coulson in the event he cannot comply with condition 13 and maintain employment however diligent he might be. In this respect not only does condition 14 appear to be unnecessary, but it could in fact have a very detrimental effect on his rehabilitation.
The state contends that Coulson has not preserved the foregoing point on appeal because he offered no objection to the condition at sentencing, arguing that his silence acted as a waiver of objection. We reject such a position. To begin with, the right to appeal from an order of probation is granted by Section 924.06, Florida Statutes (1975). In addition case law supports Coulson's right to appeal. In re Mannino, supra; In re Bushman, 1 Cal.3d 767, 83 Cal. Rptr. 375, 463 P.2d 727 (1970).
We conclude that the ends of justice would best be served by affirming the order appealed from in all respects except as to condition 14, relative to drawing unemployment compensation. We, therefore, modify the order under review by deleting therefrom condition 14.
AFFIRMED as modified.
MAGER, C.J., concurs.
CROSS, J., dissents, with opinion.
CROSS, Judge, dissenting:
I respectfully dissent and would affirm the terms of appellant's probation as imposed by the trial judge.
*1044 The condition of probation imposed upon appellant in the instant case that he shall not collect unemployment compensation while on probation was imposed by the trial judge after having the benefit of the presentence investigation, and knowledge of circumstances upon which he could reasonably determine appellant needed to maintain employment as a rehabilitation measure. This condition does not appear to be so punitive as to be unrelated to rehabilitation. It is possible that once appellant had lost a job, even though it were through no fault of his own, and was receiving unemployment compensation, he would not be as motivated to obtain new employment as he would be without the condition that he not collect unemployment compensation. Denying appellant the aid of unemployment compensation could reasonably provide appellant with an added incentive to seek and maintain employment. Accordingly, the condition imposed by the trial court does not constitute an abuse of discretion, and I would affirm.