553 So.2d 226 (1989)
Myren Wayne LARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-753.
District Court of Appeal of Florida, First District.
November 14, 1989.
*227 Michael E. Allen, Public Defender, and Phil Patterson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
The defendant appeals an order withholding adjudication of guilt and placing him on probation, imposed for the felony offense of tampering with a witness entered following his plea of nolo contendere. We reverse only that point relating to the lower court's imposition of costs in the absence of notice or opportunity to be heard, and remand the cause to the trial court for further proceedings. The probation order is otherwise affirmed.
Appellant was initially charged with felony tampering with a witness. He pled nolo to the lesser included offense of misdemeanor tampering with a witness, with the understanding that the state would recommend a term of probation to the court. The court, after first ascertaining that appellant understood the nonbinding effect of the plea negotiations, determined that appellant's plea was voluntarily made and, therefore, accepted the plea. The trial court deferred sentencing until a presentence investigation could be completed, however, it did modify the conditions of appellant's bond to include a provision that appellant not contact the witness with whom he was charged with tampering and that he stay away from the Florida State University campus, where the witness resided, until sentencing was imposed.
Upon appellant's later return to court for sentencing, it was reported to the court that appellant had, during the interim, violated the conditions of his bond by going to the university campus on at least two occasions, and in fact had been seen inside the dormitory where the witness resided. The prosecutor thereupon announced that he was withdrawing his original recommendation of probation due to appellant's conduct following the arraignment, and instead recommended that the court impose the maximum sentence of one year in county jail. In the colloquy between the court and appellant, the court asked appellant whether he wished to withdraw his nolo plea to the misdemeanor charge and proceed to trial on the felony count of tampering with a witness. Appellant never answered, explaining instead that he wished to be a medical doctor.[1]
After a brief recess, appellant, through his attorney, announced that he wished to withdraw his plea to the lesser included misdemeanor offense and to instead plead no contest to the felony charge, conditioned upon the imposition of five years' probation, together with psychological counseling. As part of the plea agreement, he agreed not to reside in Leon County during the probationary period and to stay away from both the victim and the Florida State campus. Appellant indicated that he understood that the maximum penalty he faced on the felony charge was five years; that if he violated any of the terms or conditions of his probation, he could be adjudicated a felon and sentenced to the maximum term; that he waived his rights to trial; and he advised the court that no one had threatened or coerced him into entering his plea to the felony charge. The trial court thereupon found that the plea was entered freely, intelligently, and voluntarily, and placed appellant on five years' probation, with the conditions that he stay out of Tallahassee, Florida, during the term of his probation; that he reimburse Leon County $200 as partial costs of prosecution, as directed by the probation officer; that he submit to mental health counseling, as directed by the probation officer; and that he undergo a psychological evaluation and, if deemed necessary, obtain and satisfactorily complete counseling, as directed by the probation officer.
Appellant first argues that the trial court coerced him into withdrawing his previously *228 entered plea to a misdemeanor and substituting a plea to a felony, and that the plea, therefore, was invalid, because it was not voluntary. We disagree. In Geiger v. State, 532 So.2d 1298 (Fla. 2d DCA 1988), the Second District Court of Appeal held that once the defendant withdraws his guilty plea, the state has the right to reinstate all charges, even those previously nolle prossed pursuant to a plea agreement. The court observed that if a plea that was entered as a result of a plea bargain is thereafter withdrawn, "the bargain is `abrogated' and the defendant must `accept all of the consequences which the plea originally sought to avoid.'" Id. at 1300 (quoting Fairweather v. State, 505 So.2d 653, 655 (Fla. 2d DCA 1987)).
In the present case, appellant was faced with two options once the court indicated to him that it would not accept the recommendation of one year probation that was originally offered by the prosecutor: 1) to adhere to his original plea without being bound to any conditions of the initial plea agreement, or 2) withdraw his former plea, with the result that he could either proceed to trial on the original charge or, with the concurrence of the court, enter a plea thereto. See Davis v. State, 308 So.2d 27, 29 (Fla. 1975). The appellant chose the latter course. The record also reflects that appellant, with advice of counsel, elected to plead to the felony charge. We therefore find no merit, under the circumstances, to the argument that the trial court coerced appellant into withdrawing his plea of nolo contendere to a misdemeanor and pleading to the greater felony offense.
Appellant next argues that the trial court's probation order, containing the condition that he stay out of Tallahassee for five years, violates his constitutional right to petition the government for redress of grievances. Appellant additionally argues that the condition is not reasonably related to the offense for which he was convicted and restricts what is otherwise lawful behavior without having any appreciable effect on his criminal conduct. We do not address the merits of this cause, because the error of which appellant now complains was not appropriately preserved for appellate review. The defendant may not appeal conditions of his probation which he neither objected to nor filed a motion to strike or to correct. See Brunson v. State, 537 So.2d 692 (Fla. 1st DCA 1989).
Appellant additionally urges that that portion of the trial court's probation order, containing the condition that appellant submit to mental health counseling as directed by his probation officer, constitutes an unlawful delegation of judicial authority to an officer of the executive branch. This issue was resolved by this court's recent opinion in Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989), in which the court stated that a reasonable interpretation of the "as directed by" language of a condition does not mean that the court unlawfully delegated the judicial responsibility of setting forth terms and conditions of probation to the probation officer, but simply means "that the probation officer should routinely supervise and monitor the evaluation and counseling." Id. at 813.
As to the final issue, relating to the court's assessment of costs without prior notice to appellant, the state concedes the error, and the cause is remanded to the trial court for the purpose of conducting an evidentiary hearing to determine appellant's ability to pay such costs. See Collins v. State, 546 So.2d 123 (Fla. 1st DCA 1989).
AFFIRMED in part, REVERSED in part and REMANDED.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] Apparently, appellant was fearful that a felony conviction would hinder his chances of being admitted to medical school.