572 So.2d 1368 (1991)
Myren Wayne LARSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 75085.
Supreme Court of Florida.
January 3, 1991.
*1369 Barbara M. Linthicum, Public Defender and Lawrence M. Korn, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for respondent.
KOGAN, Justice.
We have for review Larson v. State, 553 So.2d 226 (Fla. 1st DCA 1989), based on express and direct conflict with Coulson v. State, 342 So.2d 1042 (Fla. 4th DCA 1977). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Myren Wayne Larson, a resident of Lee County, was charged with felony witnesstampering. The charges arose from an incident in which he followed a witness to Tallahassee, took up residence there, and attempted to encourage the witness not to testify against him in another proceeding in Lee County.
In exchange for adjudication being withheld, Larson pled no contest to the charge. Among the terms of Larson's probation, which were part of a voluntary plea agreement, were requirements that he return to Lee County, not enter Tallahassee for five years, and undergo psychological evaluation under the direction of his probation officer. At sentencing, Larson's counsel made the following remarks:
Your Honor, at this time, Mr. Larson is prepared to withdraw his plea of no contest to a misdemeanor and enter a plea of no contest to a felony conditioned upon him receiving five years probation with psychological counseling, a grace period of two weeks to leave Leon County and not to reside back in Leon County during the probationary period.

*1370 What else was there? Stay away from the victim. Stay off campus. I believe those were the only conditions that were left.
Later, Larson confirmed that he voluntarily had entered this agreement. The following colloquy then occurred:
THE COURT: And you won't come back to Tallahassee during this five year period.
THE DEFENDANT: I don't like Tallahassee.
THE COURT: You don't like Tallahassee.
THE DEFENDANT: No, I don't. I just have friends here, and I would hope to stay here and see my friends, but that's fine.
On appeal, Larson argued that the first condition violated his right to petition his government, article I, section 5, Florida Constitution, and was not reasonably related to his potential rehabilitation. See Coulson, 342 So.2d at 1042. He argued that the second was an unconstitutional delegation of judicial authority to an employee of the executive branch of government. Larson, 553 So.2d at 228. See Art. II, § 3, Fla. Const.
The First District declined to address these issues. Instead, it found them procedurally barred because of Larson's failure to make a contemporaneous objection in the trial court. Id. at 228. The question presented here thus is whether such an objection is needed to preserve any error for later review.
We agree with Larson that the reasons underlying the contemporaneous objection rule are inapplicable to the conditions of probation if those conditions in fact are illegal. As we stated in State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984),
The purpose for the contemporaneous objection rule is not present in the sentencing process because any error can be corrected by a simple remand to the sentencing judge. If the state's argument is followed to its logical end, a defendant could be sentenced to a term of years greater than the legislature mandated and, if no objection was made at the time of sentencing, the defendant could not appeal the illegal sentence.
Accord Merchant v. State, 509 So.2d 1101, 1102 (Fla. 1987); Joyce v. State, 466 So.2d 433, 434 (Fla. 5th DCA 1985); Walcott v. State, 460 So.2d 915 (Fla. 5th DCA 1984), approved, 472 So.2d 741 (Fla. 1985); Crews v. State, 456 So.2d 959 (Fla. 5th DCA 1984), review denied, 464 So.2d 556 (Fla. 1985).
The same logic applies equally to illegal conditions of probation. Miller v. State, 407 So.2d 959, 960 (Fla. 4th DCA 1981); DiOrio v. State, 359 So.2d 45, 46 (Fla. 2d DCA 1978), receded from on other grounds, Goodson v. State, 400 So.2d 791 (Fla. 2d DCA 1981). As defined in Black's Law Dictionary 1082 (5th ed. 1979), probation is "[a] sentence releasing the defendant into the community under the supervision of a probation officer" (emphasis added). We ourselves have characterized probation as one of "five basic sentencing alternatives in Florida." Poore v. State, 531 So.2d 161, 164 (Fla. 1988) (emphasis added). Thus, the reference to "sentences" in Rhoden encompasses the term "probation."
However, the analysis above does not apply if the conditions of probation are legal. Elsewhere, we have held that:
Sentencing errors which do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines still require a contemporaneous objection if they are to be preserved for appeal.
State v. Whitfield, 487 So.2d 1045, 1046 (Fla. 1986). This, too, applies equally to conditions of probation.
Thus, the first problem a court must resolve is whether the conditions of probation in fact are illegal.[1] If not, the failure to object is an absolute bar.
*1371 As a general rule, a condition of probation that burdens the exercise of a legal or constitutional right should be given special scrutiny. However, a defendant cannot successfully challenge every aspect of a prior order of probation simply because it infringes on some such rights. Most sentences and orders of probation have that effect, if only because they restrict liberty to some extent. See Coulson, 342 So.2d at 1043. The question often may be one of degree and may require close examination of the type of infringement involved. In the absence of an objection, we believe that a defendant may appeal a condition of probation only if it is so egregious as to be the equivalent of fundamental error. The mere fact that a certain probationary condition is subject to reversal on appeal once a proper objection is raised at trial does not necessarily mean it is illegal for the purposes at hand.
Of course, a defendant also may waive some purely personal constitutional rights as part of a voluntary plea agreement, including the right to travel to certain places where the victim of the crime resides. Such a restriction is rationally related to the nature of the crime and aimed at encouraging the defendant's rehabilitation. Accord Coulson, 342 So.2d at 1042. It clearly is legal and is not in any sense egregious.[2]
By our analysis above, however, we do not imply that voluntariness is the sole standard by which a plea agreement must be judged. Even some "voluntary" agreements clearly would not withstand scrutiny, as we stated in Rhoden, 448 So.2d at 1016. A defendant cannot confer on others a right to do something the law does not permit. For example, a defendant cannot by agreement confer on a judge authority to exceed the penalties established by law. Id. Such an illegal sentence must fail.
Similarly, the failure to object does not confer on others the authority to violate the law. Even without objection, for instance, a trial court could not delegate to a probation officer the sole authority to revoke that defendant's probation, since this is a purely judicial function.
However, reasonable delegations of incidental discretion are permissible if sufficiently circumscribed by the trial court. This may be true whether or not the defendant objects. For example, we believe this can include authority for a probation officer to supervise the counseling required of some defendants, so long as this discretion is to be used only for rehabilitative purposes and does not take on the character of an essentially judicial act. See Coulson, 342 So.2d at 1042.
Turning now to the facts at hand, the record clearly shows that Larson cannot prevail on the contention he has been illegally prevented from going to Tallahassee. Not only did he fail to object; he also made a voluntary waiver of his right to travel to Tallahassee. We also do not agree that this restriction is illegal on grounds it prohibits his right to petition state government; it in no sense deters him from communicating by mail or by telephone, or by contacting state officers when they are outside Tallahassee. Moreover, if Larson had some legitimate grievance or concern that required him to visit state officials in Tallahassee, he could petition  and the trial court would be required to *1372 grant  a motion to modify the terms of his probation to permit the visit.[3]
Finally, we also believe that the trial court did not violate the law by delegating some limited discretion to a probation officer. It is entirely proper for a probation officer to supervise conditions aimed at rehabilitation, including counseling. Nothing in this record suggests that this delegation of discretion has led to a punitive result or is so broad as to usurp an essentially judicial function.
For the foregoing reasons, we conclude that Larson's failure to object to the conditions of probation bars him from now raising the issue on appeal. We approve only the result reached by the district court below. The district court's opinion is quashed to the extent it suggests that terms of probation can never be reviewed on appeal absent a contemporaneous objection.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT and GRIMES, JJ., concur.
EHRLICH, J., concurs in result only with an opinion.
EHRLICH, Justice, concurring in result only.
While I agree with the majority that these claims were not preserved for appellate review, I choose to write separately.
First, I note that although the court below found petitioner's claim that the condition of probation that he stay out of Tallahassee for five years violates his constitutional right to petition the government was waived, it did reach the merits of petitioner's challenge to the condition that he submit to mental health counseling under the direction of his probation officer. Although the analysis of the court below may have been lacking, its end result was correct.
The probation order at issue was the subject of a negotiated plea agreement. As the majority notes, petitioner is precluded from attacking the conditions of probation to which he agreed, unless the conditions are illegal, see State v. Rhoden, 448 So.2d 1013 (Fla. 1984), or are otherwise "so egregious as to be the equivalent of fundamental error." At 1371. I agree with the majority that petitioner's voluntary waiver of his right to travel to Tallahassee did not violate his right to petition his government. However, I cannot agree that it is necessary to reach the merits of this claim en route to finding the claim waived. On its face, this is precisely the type of challenge which still requires a contemporaneous objection, under this Court's decision in State v. Whitfield, 487 So.2d 1045, 1046 (Fla. 1986), if it is to be preserved for appeal. Moreover, it is clear that a defendant can voluntarily waive constitutional rights by entering into a plea agreement.
Finally, I agree with the majority that the second condition did not amount to an unauthorized delegation of judicial responsibility and, therefore, cannot now be challenged as illegal.
NOTES
[1] Obviously, this requirement is tantamount to resolving the case on the merits. If a condition of probation is legal, it generally need not be modified at all; if it is illegal, it must be modified.
[2] However, we do not imply that an involuntary restriction on travel to certain places would be improper. In appropriate circumstances, a judge clearly has authority to order a defendant not to go to certain places as a condition of probation, whether or not the defendant agrees. For example, a judge properly could order a defendant not to return to a neighborhood where the defendant committed a series of burglaries. It is irrelevant whether the defendant agrees to this limitation.
[3] Article I, section 5 of the Florida Constitution states that "people shall have the right ... to instruct their representatives, and to petition for redress of grievances."