578 So.2d 457 (1991)
Wallace BOUDREAUX, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3078.
District Court of Appeal of Florida, First District.
April 22, 1991.
Michael E. Allen, Public Defender, Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We reversed the condition of probation imposed upon appellant that he pay court costs and attorney's fees, but declined to consider the remaining conditions because appellant had failed to make a contemporaneous objection thereto. Boudreaux v. State, 553 So.2d 376 (Fla. 1st DCA 1989). The supreme court accepted conflict jurisdiction, and quashed our decision pursuant to its decision in Larson v. State, 572 So.2d 1368 (Fla. 1991). Boudreaux v. State, 572 So.2d 1372 (Fla. 1991). On remand from the supreme court, we have been asked to consider the conditions of probation in light of Larson, supra. We affirm in part and reverse in part.
Besides the imposition of costs, appellant has taken exception to three conditions of his probation which will begin following a prison sentence of five years. A term of imprisonment and probation was ordered after appellant pled no contest to the charges of conspiracy to escape, attempted escape, possession of a firearm and use of a firearm during the commission of a felony. The state dropped the charge of conspiracy to commit first degree murder.
The supreme court held in Larson that absent a proper objection, a condition of probation may be appealed only if it is illegal, which the supreme court explained to mean that the condition "is so egregious as to be the equivalent of fundamental error." 572 So.2d at 1371. We do not find Condition 12, that appellant undergo substance abuse screening and, if deemed necessary by his probation officer, receive counseling, to be an illegal condition. As the supreme court explained in Larson, "it is entirely proper for a probation officer to supervise conditions aimed at rehabilitation, including counseling." Id. at 1372. We note that discretion delegated to appellant's probation officer is not such as will lead to a punitive result or amounts to a usurpation of an "essentially judicial function." Id.
*458 Likewise, we find Condition 14, that appellant refrain from the use of alcohol, is not an illegal condition. However, we remand this case for modification of Condition 15 to provide that appellant must actively seek full-time employment during the term of probation.
Accordingly, we AFFIRM in part and REVERSE in part and REMAND for modification as directed herein.
SMITH, ZEHMER and MINER, JJ., concur.