597 So.2d 870 (1992)
David BAYER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2077.
District Court of Appeal of Florida, Fifth District.
April 10, 1992.
Rehearing Denied May 14, 1992.
*871 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Appellant David Bayer appeals from an order of restitution. We conclude that appellant failed to preserve his right to appellate review of the order and, therefore, we affirm.
Appellant pled guilty to grand theft of an automobile. The trial court placed appellant on probation for five years and, as a condition of probation, ordered him to pay restitution in the amount of $4,335. This amount represents $3,000 for the stolen automobile and $1,335 for items which were stolen from the victim's home. Appellant resided with the victim and the items disappeared from the victim's home on the same day appellant stole the automobile.
Appellant argues that the trial court erred in ordering him to pay restitution for the value of the items which were stolen from the victim's home because he was only convicted of stealing the victim's automobile. A defendant can only be ordered to pay restitution for damages caused directly or indirectly by the act for which the defendant is convicted. State v. Williams, 520 So.2d 276 (Fla. 1988); Faulkner v. State, 582 So.2d 783 (Fla. 5th DCA 1991); Lee v. State, 562 So.2d 865 (Fla. 5th DCA 1990). See also Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991). Thus, the condition of probation which requires appellant to pay restitution for the items missing from the victim's home is improper. However, at sentencing appellant failed to make a contemporaneous objection regarding the order of restitution. Therefore, the issue on appeal becomes whether appellant has waived his right to appellate review of the restitution order.
*872 Larson v. State, 572 So.2d 1368 (Fla. 1991) holds that the contemporaneous objection rule applies to conditions of probation unless the conditions are illegal or so egregious as to be the equivalent of fundamental error. The court in Larson set forth the following general test for determining whether a particular condition of probation is illegal:
As a general rule, a condition of probation that burdens the exercise of a legal or constitutional right should be given special scrutiny. However, a defendant cannot successfully challenge every aspect of a prior order of probation simply because it infringes on some such rights. Most sentences and orders of probation have that effect, if only because they restrict liberty to some extent. See Coulson [v. State], 342 So.2d 1042 at 1043 [Fla. 4th DCA 1977]. The question often may be one of degree and may require close examination of the type of infringement involved. In the absence of an objection, we believe that a defendant may appeal a condition of probation only if it is so egregious as to be the equivalent of fundamental error. The mere fact that a certain probationary condition is subject to reversal on appeal once a proper objection is raised at trial does not necessarily mean it is illegal for the purposes at hand.
Id., at 1371.
The principle of fundamental error should be invoked only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application. Ray v. State, 403 So.2d 956, 960 (Fla. 1981). Fundamental error, which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or the merits of the cause of action. Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). Instances where the principle has been applied seem to be categorized in three classes of cases: (1) where an involved statute is alleged to be unconstitutional, (2) where the issue reaches down into the very legality of the trial itself to the extent that a verdict could not have been obtained without the assistance of the error alleged, and (3) where a serious question exists as to the jurisdiction of the trial court. State v. Smith, 240 So.2d 807, 810 (Fla. 1970) citing with approval Gibson v. State, 194 So.2d 19, 20 (Fla. 2d DCA 1967).
In the instant case the requirement of the additional amount of restitution for the value of the items stolen from the victim's home is not illegal or so egregious as to constitute fundamental error. This requirement neither affects the very legality of the proceedings nor is it jurisdictional in nature. Compare a condition of probation which imposes the payment of a fine in excess of the maximum legal amount authorized by statute or a condition of probation which infringes upon a fundamental constitutional right and is not rationally related to the nature of the crime or aimed at encouraging the defendant's rehabilitation. See Larson v. State, 572 So.2d at 1370-1371, including note 1.
Accordingly, appellant was required to raise a contemporaneous objection in order to preserve his right to appeal. His failure to do so constitutes waiver.
In reference to the comments set forth in the dissent, we note that the supreme court in Larson specifically dealt with the contemporaneous objection issue, while in its earlier case of Williams v. State, 520 So.2d 276 (Fla. 1988), the supreme court only dealt with the merits of the appeal. A reading of Williams reveals that the state was attempting to convince the court to go beyond the statutory requirement of section 775.089(1)(a), Florida Statutes (1985) that restitution to a victim should be limited "for damage or loss caused directly or indirectly by the defendant's offense." Id., at 277-278. In Williams the state did not raise the contemporaneous objection issue.
AFFIRMED.
PETERSON, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, Judge, dissenting.
In this case, defendant was charged only with grand theft of a motor vehicle. He entered into a negotiated plea of guilty to *873 grand theft of a motor vehicle. I cannot agree that restitution ordered for items stolen from the victim's home, which the majority acknowledges was "improper", cannot be challenged on appeal because the defendant failed to object below to the lack of causation required by sections 775.089(1)(a) and 948.03(1)(e), Florida Statutes (1989).
In 1984, the supreme court discussed the application of the contemporaneous objection rule to sentencing errors in State v. Rhoden, 448 So.2d 1013 (Fla. 1984). Although Rhoden dealt with a sentencing error where the trial judge sentenced a juvenile as an adult without first making written findings as mandated by statute, the court explained that the purpose of the contemporaneous objection rule is not present in sentencing proceedings, since any error can be corrected on appeal by simple remand to the sentencing judge. See also State v. Whitfield, 487 So.2d 1045 (Fla. 1986).
It seems to me the answer to the issue presented in this case is contained within the leading case of Williams v. State, 505 So.2d 478 (Fla. 2d DCA 1987), approved, 520 So.2d 276 (Fla. 1988). In Williams, the Second District held that the trial court erred in ordering restitution that did not bear a significant relationship to the crime of which the defendant was convicted even though there was no contemporaneous objection to restitution on this ground. Id. at 480-482. The Second District Court concluded such an order violated the defendant's constitutional right to due process. Id. at 482. Williams was approved by the supreme court without discussion of the lack of contemporaneous objection. If the lack of contemporaneous objection were fatal to Williams' appeal, the supreme court surely would have said so. Id. Thus, I conclude the supreme court intends this issue to be dealt with as it was in Williams.
I do not think Larson v. State, 572 So.2d 1368 (Fla. 1991) is controlling on this issue. Larson dealt with an optional, otherwise legal condition of probation. Restitution, on the other hand, is mandated by section 775.089(1)(a) and its parameters are set forth in the statute. Nevertheless, there is support for my conclusion in Larson, where the supreme court noted:
By our analysis above, however, we do not imply that voluntariness is the sole standard by which a plea agreement must be judged. Even some "voluntary" agreements clearly would not withstand scrutiny, as we stated in Rhoden, 448 So.2d at 1016. A defendant cannot confer on others a right to do something the law does not permit. For example, a defendant cannot by agreement confer on a judge authority to exceed the penalties established by law. Id. Such an illegal sentence must fail.
Similarly, the failure to object does not confer on others the authority to violate the law. Even without objection, for instance, a trial court could not delegate to a probation officer the sole authority to revoke that defendant's probation, since this is a purely judicial function.
Id. at 1371. Imposition of an amount of restitution not authorized by law to be imposed, meets the Larson test of illegality.
I would quash the restitution order with instructions to reduce the restitution amount by the value attributed to the items stolen from the victim's home.