STONE, Judge.
We affirm appellant’s conviction and sentence for carrying a concealed firearm and weapon. The trial court imposed a condition of probation that appellant not use or possess alcoholic beverages. The validity of this condition is the sole issue on appeal. The appellant contends that the condition is not reasonably related to these circumstances. In Stonebraker v. State, 594 So.2d 351 (Fla. 2d DCA 1992), the court struck a similar condition as being unrelated to the crime of grand theft. See also Cole v. State, 521 So.2d 297 (Fla. 1st DCA 1988).
However, notwithstanding that nothing in the record before us specifically relates the appellant’s crime or conduct to alcohol, we find no abuse of discretion in the court imposing restrictions concerning the use or possession of alcohol on the appellant’s probation. Such a condition is appropriate where it may be related to the past or future criminality of the defendant or where it is used as a tool for rehabilitation. E.g., Brown v. State, 406 So.2d 1262 (Fla. 4th DCA 1981); Coulson v. State, 342 So.2d 1042 (Fla. 4th DCA 1977).
Here we do not have the benefit of reviewing the presentence investigation report, which was before the trial court, and we have no information as to its content. However, it does not appear that the trial court was relying specifically on the report in reaching its decision to impose the condition. Nor can we tell from this record what, if anything, the trial court may have previously observed in its contacts with the defendant. The record only reflects the trial court’s statement:
The special conditions of probation have to have a reasonable relation to the offense which occurred. Given the peculiar circumstances of this particular case, I am of the opinion this gentleman should refrain from the ingestion of any alcohol in order to not be in a position in which his judgment would be impaired which would cause him to repeat the activities for which he now stands convicted which results in impaired judgment under these circumstances.
In Coulson, this court upheld a special condition of probation, following a burglary conviction, that the defendant obtain and maintain employment. At the same time, we struck as punitive a companion requirement that he draw no unemployment com *17 pensation. In Coulson, Judge Downey recognized that:
It is well settled that the primary purpose of probation is to rehabilitate the individual while he is at liberty under supervision. Bernhardt v. State, 288 So.2d 490 (Fla.1974). In the matter of granting probation and specifying conditions thereof trial courts are necessarily vested with a broad, but not unbridled, discretion. Kominsky v. State, 330 So.2d 800 (Fla. 1st DCA 1976). And the terms and conditions of probation are valid if the activities restricted bear a reasonable relation to the past or future criminality of the probationer, notwithstanding that such activities may be lawful in themselves. See, e.g., Malone v. United States, 502 F.2d 554 (9th Cir.1974). Because of the broad discretion reposing in the trial judge appellate courts should be wary of interfering with his design of conditions to effectuate a successful probation. However, if a special condition of probation is so punitive as to be unrelated to rehabilitation, it can not be imposed. Kominsky v. State, supra.
In that case, the court recognized that maintaining employment was an effective tool in rehabilitation. We can discern no reason why a trial court could not similarly conclude the same as to the abstinence from the use or possession of alcohol.
Certainly there will be instances where a restriction on lawful activity is unnecessary, but that is also true of many valid conditions of probation, not the least of which is the trial court’s unbridled authority to incarcerate a defendant for up to 365 days without any more record than is before us today. We conclude that the ends of justice are best served by affirming the court’s exercise of discretion. We recognize that this opinion may be in conflict with Stonebraker.
POLEN, J., concurs.
ANSTEAD, J. dissents without opinion.