BARFIELD, Judge,
dissenting.
Notwithstanding that the issue was not raised by the mother or the juvenile below or in this appeal, the majority nevertheless finds that ordering the juvenile to pay restitution for damage or loss which was not shown to have been caused directly or indirectly by his offense of leaving the scene of an accident was “fundamental error,” and that imposing the restitution obligation on his mother was also “fundamental error” which must be reversed. Had the issue been preserved below and properly raised on appeal, I would agree that it was error to impose restitution for damages which the state concedes were caused by the collision with L.A.D.’s vehicle and were not attributable to L.A.D.’s leaving the scene of the accident. However, neither L.A.D. nor his mother preserved their right to appeal this issue, which clearly does not involve “fundamental error,” and the mother did not raise the issue on appeal.
*109 In Bayer v. State, 597 So.2d 870 (Fla. 5th DCA 1992), which was brought to the majority’s attention during consideration of this appeal, but which was not discussed in the majority’s opinion, the defendant was similarly ordered, as a condition of probation, to pay restitution for losses not directly or indirectly caused by the act for which he was convicted, and failed at sentencing to make a contemporaneous objection regarding the order of restitution. The court noted that the issue on appeal had become whether the defendant had waived his right to appellate review of the restitution order. It cited Larson v. State, 572 So.2d 1368, 1371 (Fla.1991), in which the supreme court stated:
In the absence of an objection, we believe that a defendant may appeal a condition of probation only if it is so egregious as to be the equivalent of fundamental error. The mere fact that a certain probationary condition is subject to reversal on appeal once a proper objection is raised at trial does not necessarily méan it is illegal for the purposes at hand.
Id. The Bayer court went on to discuss the supreme court opinions outlining the “rare cases” in which the principle of fundamental error should be invoked, and concluded that the challenged order of restitution
is not illegal or so egregious as to constitute fundamental error. This requirement neither affects the very legality of the proceedings nor is it jurisdictional in nature. Compare a condition of probation which imposes the payment of a fine in excess of the maximum legal amount authorized by statute or a condition of probation which infringes upon a fundamental right and is not rationally related to the nature of the crime or aimed at encouraging the defendant’s rehabilitation. See Larson v. State, 572 So.2d at 1370-1371, including note 1.
597 So.2d at 872.
The majority’s finding of fundamental error on this issue appears to put this court squarely in conflict with the Bayer decision.
The attorney fee provision was part of the June 26, 1991, order as well as the July 19, 1991, final judgment. I would agree with the state that appellant waived her right to appeal the imposition of attorney fees when she failed to object at the July 19, 1991, hearing that she had not been given notice and an opportunity to be heard on this issue. However, before the order on attorney fees may be enforced, appellant is entitled to a noticed hearing to determine the amount of the fee, and to have an attorney represent her at such a hearing, if she wants to secure one.