629 So.2d 896 (1993)
Clarence Steven WHEATLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4254.
District Court of Appeal of Florida, First District.
November 19, 1993.
Rehearing Denied February 1, 1994.
*897 Nancy A. Daniels, Public Defender, and Chris W. Hoeg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Clarence Wheatley appeals a final judgment and probation order which, pursuant to his plea of nolo contendere to sale of a controlled substance, adjudicate him guilty of the offense and place him on community control for a period of two years, followed by a three-year period of probation. Wheatley contends that the circuit court erred in imposing three illegal conditions of probation.
We affirm condition # 15 of the probation order, which orders Wheatley to "submit to drug/alcohol evaluation and counseling as directed by your Officer."[1]See § 948.03(1)(j)1, Fla. Stat. (1989); Boudreaux v. State, 578 So.2d 457 (Fla. 1st DCA 1991); Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989).
We reverse condition # 14 of the probation order, which orders Wheatley to pay $200 as an additional cost associated with his participation in the Bay County Work Program, because this cost is not statutorily authorized.[2]Martin v. State, 618 So.2d 737 (Fla. 1st DCA 1993).
We also reverse condition # 18 of the probation order, which directs Wheatley to stay away from five specified areas apparently located in Bay County. This written condition fails to conform with the oral pronouncement that Wheatley "stay away from areas in Bay County that are known to be ... high drug use areas, to be defined by your probation officer... ."[3]Sumter v. State, 570 So.2d 1039 (Fla. 1st DCA), rev. dismissed, 583 So.2d 1037 (Fla. 1991).
Accordingly, the probation and community control orders are reversed and this cause is remanded with directions to strike condition # 14 of the probation order and condition # 19 of the community control order, and to reconsider condition # 18 of probation and condition # 24 of community control.
AFFIRMED in part, REVERSED and REMANDED in part.
ZEHMER, C.J., and JOANOS and MICKLE, JJ., concur.
NOTES
[1] Condition # 20 of the community control order also imposes this requirement.
[2] Condition # 19 of the community control order also imposes this requirement.
[3] Condition # 24 of the community control order also imposes this requirement.