636 So.2d 179 (1994)
Robert M. DEVINE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2594.
District Court of Appeal of Florida, Fifth District.
April 29, 1994.
*180 James B. Gibson, Public Defender, and Anne Moorman Reeves, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kristen L. Davenport, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Robert M. Devine was placed on probation for dealing in stolen property in 1992. In 1993 he violated the terms of that probation by driving under the influence of alcohol.
When the trial court conducted the hearing for the violation of probation, the DUI proceedings had been completed in another court. The trial court revoked probation, continued to withhold adjudication on the original charge of dealing, and imposed a new three-year period of probation with the special conditions that 90 days be served in jail and that he undergo substance abuse offender supervision. Devine was required to abstain from the consumption of intoxicants and from visiting establishments whose primary purpose is the sale or consumption of intoxicants, and submit to random urinalysis.
Devine argues for the first time on appeal that the conditions of probation that relate to substance abuse should be deleted since they do not relate to the original offense of dealing in stolen property. In order to contest conditions of probation on appeal, a defendant must preserve the issue by objecting at the time the conditions are imposed unless the conditions are illegal or so egregious as to be the equivalent of fundamental error. Larson v. State, 572 So.2d 1368, 1370-71 (Fla. 1991); Bayer v. State, 597 So.2d 870, 872 (Fla. 5th DCA 1992). Conditions limiting the consumption of alcohol or requiring substance abuse screening are not the type of conditions which may be appealed in the absence of a contemporaneous objection. See Boudreaux v. State, 578 So.2d 457 (Fla. 1st DCA 1991). Because Devine failed to timely object to the conditions, we affirm the terms imposed.
We also believe that, while the substance abuse conditions may not be related to the dealing in stolen property charge for which the original term of probation was imposed, the imposition of those conditions is reasonably related to preventing future criminality. Biller v. State, 618 So.2d 734 (Fla. 1993). The violation involved substance abuse and rehabilitation may be more likely if Devine is disciplined to avoid intoxicants. Devine was shown leniency by the trial court when it again withheld adjudication and did not sentence him to the department of corrections as was permitted for the violation of probation. It would be totally unreasonable to require the court to ignore the reason for the violation of the probation originally imposed. The only other alternative the court had to deter Devine from substance abuse was incarceration. Instead, the trial court exhibited some optimism that Devine could be rehabilitated and successfully complete probation.
We affirm the sentence including all of the terms of probation.
SENTENCE AFFIRMED.
PETERSON, DIAMANTIS and THOMPSON, JJ., concur.