639 So.2d 152 (1994)
Timothy Wayne GRASSO, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1681.
District Court of Appeal of Florida, Fifth District.
July 1, 1994.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Grasso appeals his habitual offender sentence, various conditions of probation imposed at the sentencing hearing, and certain fees imposed.[1] Although the state and trial judge failed to give Grasso written notice of intent to seek enhanced sentencing prior to accepting Grasso's guilty pleas at the plea hearing, the trial judge gave Grasso adequate warnings which in our view satisfy the requirements of Ashley v. State, 614 So.2d 486 (Fla. 1993); Thompson v. State, 638 So.2d 116 (Fla. 5th DCA 1994).[2]
Grasso failed to object to the two conditions of probation he now challenges (abstaining from alcohol and not entering any establishment whose primary purpose is the sale or consumption of alcoholic beverages), at the sentencing hearing. That is fatal to his challenge on appeal. See Larson v. State, 572 So.2d 1368 (Fla. 1991); Bentley v. State, *153 411 So.2d 1361 (Fla. 5th DCA), rev. denied, 419 So.2d 1195 (Fla. 1982). Further, he agreed to the cost assessments in his plea agreement. Accordingly we affirm.
AFFIRMED.
HARRIS, C.J., and COBB, J., concur.
NOTES
[1] A public defender fee of $100.00, $250.00 for the state attorney's costs and $150.00 for law enforcement agency costs.
[2] At the plea hearing, the trial judge said:

If you have two or more prior felony convictions on your record  and you already said you do  there would be a separate proceeding conducted. It would be set for the 24th, the same day the sentencing would be set. If you have those two prior felony convictions, then your sentence doubles.... If in fact you are habitual, qualified to be one, I will classify you as a habitual. (emphasis supplied)
The trial court also warned Grasso he would not be entitled to basic gain time and the sentence could be consecutive to sentences he was then serving.