HARRIS, Chief Judge,
concurring and concurring specially:
Law, sometimes, is the science of fine lines. Perhaps this ease is a good example of the application of this science. The judge came close in this case to complying with the *70 notice requirements of Ashley v. State, 614 So.2d 486 (Fla.1993) and Thompson v. State, 638 So.2d 116 (Fla. 6th DCA 1994). His efforts, however, fall short of the “line” of compliance. Consider the statements made by the judge when accepting the plea in this case:
THE COURT: And do you understand that a notice for a hearing to be conducted to determine whether or not you’re [a] habitual felony offender can be issued pri- or to sentencing (emphasis added)....
Not only is this a misstatement of the law since Ashley (now the notice must be given prior to the plea), but it also fails to clearly indicate that, in fact, a hearing will be held to determine the defendant’s status as a habitual offender. Although the distinction between this statement and the same judge’s statement in Grasso v. State, 639 So.2d 152 (Fla. 5th DCA 1994), does not appear remarkable (truly a fine line), nevertheless their import is dramatically different. In Grasso, the court advised the defendant at sentencing:
If you have two or more prior felony convictions on your record — and you already said you do — there would be a separate proceeding conducted. It would be set for the 24th, the same day the sentencing would be set. If you have those two prior felony convictions, then your sentence doubles ... If, in fact, you are habitual qualified to be one, I will classify you as a habitual. (Emphasis in original).
The fact that Grasso was going to be subjected to consideration as a habitual offender was clearly made known to him before his plea was accepted; in our case, such consideration, at the time of Smith’s plea, remained a mere possibility. This does not meet the Ashley mandate.