THOMPSON, Judge.
Ervin Bledsoe appeals four orders entered by the trial court placing him on community control and probation after he pled guilty to a violation of probation. Bledsoe objects to two special conditions imposed by the court’s orders. The first special condition required that Bledsoe not use intoxicants to excess or visit places where intoxicants, drugs, or other dangerous substances were unlawfully used or sold. Bledsoe contends that this condition must be stricken because it is not reasonably related to his rehabilitation. The second special condition required that Bledsoe work at a lawful occupation and support his family to the best of his ability. Bledsoe argues that this condition should be modified to require him to seek lawful employment. He also asks that this court correct a scrivener’s error in the orders. We affirm the imposition of the conditions of community control and probation but correct the scrivener’s error.
Bledsoe originally entered pleas to four felony offenses and was sentenced in 1989 to nine years in the Department of Corrections, to be followed by six years of probation. The trial court’s order placing Bledsoe on probation listed 14 “general” and several special conditions. One of the general conditions provided:
10) Unless prohibited from consuming alcoholic beverages by a special condition elsewhere in this order, you will not consume alcoholic beverages to the extent that your normal faculties are impaired.
Bledsoe did not object to any of the conditions.
Bledsoe served three and one-half years in the DOC and was released to serve his probation. On 2 August 1994, the DOC filed an affidavit of violation of probation, alleging that Bledsoe violated a special condition of probation when he did not attend mental health counseling. Bledsoe subsequently entered a negotiated plea of guilty to the violation of probation.
On 23 September 1994, pursuant to the plea agreement, Bledsoe was sentenced to two years community control followed by three years probation. At sentencing, the trial court stated that “[a]ll the same terms and conditions which were previously applicable will continue to be applicable.” Bled-soe did not object to any of the conditions. Later, the trial court entered four orders placing Bledsoe on community control and probation. The orders contained, among others, the following conditions:
(6) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
(7) You will work diligently at a lawful occupation and support any dependents to the best of your ability, as directed by your Community Control Officer.
Bledsoe argues that portions of condition number 6 of his community control orders, as well as condition 10 of his original probation order, should be stricken because they are special conditions which are not *1237 reasonably related to his rehabilitation. Biller v. State, 618 So.2d 734 (Fla.1993). He specifically complains about the prohibition against using intoxicants to excess. We hold that Bledsoe waived his right to challenge these conditions by failing to object to their imposition. Because the conditions are not illegal or “so egregious as to be the equivalent of fundamental error”, Bledsoe was required to object to preserve his right to appeal. Larson v. State, 572 So.2d 1368, 1371 (Fla.1991).
The purpose of requiring the trial court to orally pronounce special conditions of probation is to notify the defendant of the conditions so the defendant has an opportunity to object to their imposition. Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994); Cleveland v. State, 617 So.2d 1166 (Fla. 5th DCA 1993). In this case, Bledsoe received a written copy of the conditions at his sentencing in 1989, and he was orally told that the same conditions would apply at his sentencing in 1994. Bledsoe did not object to the conditions at either time.
At the 1994 sentencing, which is the subject of this appeal, Bledsoe had constructive notice, if not actual notice, of the condition prohibiting him from using intoxicants to excess. See, e.g., State v. Beasley, 580 So.2d 139 (Fla.1991) (holding that publication in Florida Statutes gave defendant constructive notice of consequences of his actions); Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992) (holding that defendant had constructive notice of conditions of probation contained in Florida Statutes); accord Hayes v. State, 585 So.2d 397 (Fla. 1st DCA), review denied, 593 So.2d 1052 (Fla.1991). See also Emond v. State, 652 So.2d 419 (Fla. 2d DCA 1995) (certifying question of whether Florida Supreme Court’s promulgation of probation order form in Florida Rule of Criminal Procedure 3.986 provided constructive notice of conditions listed in form). As Bledsoe had knowledge of condition 10 from his original sentencing in 1989, he should have objected when the court announced that it was reimposing the condition at sentencing in 1994. Under these circumstances, Bledsoe waived his right to challenge the condition prohibiting his excessive use of intoxicants when condition 6 appeared in the subsequently entered orders placing him on community control and probation. Grasso v. State, 639 So.2d 152 (Fla. 5th DCA 1994).
Bledsoe’s objection to condition 7 also is without merit, inasmuch as this court previously has approved the imposition of this condition. Armstrong v. State, 620 So.2d 1120,1121-22 (Fla. 5th DCA 1993). See also Gregory v. State, 616 So.2d 174, 176 (Fla. 2d DCA 1993) (holding that same language was proper and did not violate defendant’s due process rights because it merely combined two standard conditions of probation contained in sections 948.03(l)(c) and (f), Florida Statutes (1991)). Accordingly, we affirm conditions 6 and 7 of the orders placing Bledsoe on community control and probation; however, we correct the orders to indicate that Bledsoe pled guilty in count IV to “attempted lewd assault upon a child,” rather than “lewd assault upon a child.” Rogers v. State, 565 So.2d 920 (Fla. 5th DCA 1990).
AFFIRMED as corrected.
W. SHARP and GRIFFIN, JJ., concur.