W. SHARP, Judge.
McClendon appeals from his sentence after being adjudicated guilty of two counts of grand theft. He was placed on five years probation for one count and one year for the other, to be served consecutively. On appeal, he challenges various written conditions of his probation. We affirm in part.
McClendon objects to the written special condition of his probation that he “totally abstain from the consumption of alcoholic beverages.” He argues it is invalid because it has no relationship to the crimes for which he was convicted; it relates to conduct which in itself is not criminal; and the condition forbids conduct which is not reasonably related to future criminality. Biller v. State, 618 So.2d 734 (Fla.1993). The problem with this objection is that McClendon failed to make it at his sentencing hearing. See Bledsoe v. State, 657 So.2d 1235 (Fla. 5th DCA 1995); Watson v. State, 641 So.2d 432 (Fla. 5th DCA *719 1994); Grasso v. State, 639 So.2d 152 (Fla. 5th DCA 1994); Devine v. State, 636 So.2d 179 (Fla. 5th DCA 1994).
Nor do we see that the condition relating to alcohol announced at the sentencing hearing is materially different than the written one in the order of probation. At the sentencing hearing, the following discussion took place between the judge and McClen-don:
THE COURT: The Court adjudicates the obligation to pay restitution as to each count but not the amount.
No drugs or intoxicants, no bars or liquor stores. Any objection to those conditions?
[DEFENSE COUNSEL]: No, Your Hon- or.
THE COURT: So ordered.
The two Special Conditions in the written order provide:
You will totally abstain from the consumption of alcoholic beverages.
You will not frequent business establishments whose primary purpose is the sale
and/or consumption of alcoholic beverages.
“Intoxicants” include alcoholic drinks, although it is a broader term. “Intoxicant” is defined as “something that intoxicates, especially an alcoholic drink.” Webster’s New Collegiate Dictionary 601 (1979). Further “bars” is the well known colloquialism for the more refined description of the places McClendon is directed not to frequent in the written order.
The words spoken at the sentencing hearing need not be precisely repeated in the written order if they are sufficiently similar to place the defendant on notice of the general substance of each condition and to provide the defendant with an opportunity to object to the special condition. See Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992). In this instance we think “no drugs or intoxicants, no bar or liquor stores” clearly placed McClendon on notice of the content of the written orders of probation. If anything, the words used at the sentencing hearing constitute a broader prohibition than the one spelled out in the written order. Through his defense counsel, McClendon agreed to the more stringent oral conditions.
McClendon next challenges the special written condition of probation:
You may not associate or have contact in any way with known convicted felons or anyone on probation or community control (except while in a substance abuse program, or working at a lawful occupation).
At sentencing, the Court said it would impose a condition as follows:
Also, no contact with any other known convicted felons or person known to be on community control or court supervision.
McClendon argues that the written condition’s failure to place the word “known” in front of “anyone on probation or community control” creates strict liability — imposing the threat of violation without any intent on his part or knowledge. Clearly, the omission of “known” in the written condition was at most an oversight. The trial judge may have intended the “known” used in front of “convicted felon” to also modify “anyone on probation or community control.” Although a bit misplaced, we construe “known” as modifying both categories of persons.
We agree with McClendon that the special condition requiring him to pay $60.00 to First Step of Volusia County must be stricken. See Crump v. State, 654 So.2d 1307 (Fla. 5th DCA 1995); Black v. State, 654 So.2d 1306 (Fla. 5th DCA 1995); Webb v. State, 653 So.2d 519 (Fla. 5th DCA 1995); Walker v. State, 653 So.2d 484 (Fla. 5th DCA 1995); Roberts v. State, 652 So.2d 519 (Fla. 5th DCA 1995); Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994).
Finally, McClendon objects to the following written condition, which is part of the Standard, as opposed to Special Conditions of probation:
You will not possess, carry, or own any firearm. You will not possess, carry or own any weapons without first procuring the consent of your officer.
Section 790.23 specifically provides that a convicted felon may not possess or control any firearm. Thus, this is a valid condition whether or not it was orally pro *720 nounced at the sentencing hearing. See Evans v. State, 653 So.2d 1103 (Fla. 2d DCA 1995); Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995); Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995); Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995); Grate v. State, 623 So.2d 591 (Fla. 5th DCA 1993). Accordingly, this condition should be revised as follows:
You will not possess, carry or own any firearm, under any circumstances. You will not possess, carry or own any weapons (other than a firearm) without first procuring the consent of your officer.
McClendon argues that the prohibition against carrying a weapon other than a firearm should be stricken because it was not pronounced at the sentencing hearing, and it is not authorized by a statute. See Hart v. State, 651 So.2d 112 (Fla. 2d DCA), rev. granted, 659 So.2d 1089 (Fla.1995). However, this condition is listed as a standard provision on the “Order of Probation” in Florida Rule of Criminal Procedure 3.986. The Second District has certified a question to the Florida Supreme Court as to whether the order of probation constitutes sufficient notice to probationers of these conditions so that oral pronouncement at sentencing is not necessary. See also Bledsoe.
Until the Florida Supreme Court rules on this question, we choose to take the position that the trial court’s failure to orally pronounce this condition at sentencing and its inclusion in the written conditions is a discrepancy which can be remedied on remand. See Cleveland v. State, 617 So.2d 1166 (Fla. 5th DCA 1993). Accordingly, we remand this cause to the trial court for the sole purpose of resolving this discrepancy.
AFFIRMED IN PART; MODIFIED IN PART; REMANDED.
DAUKSCH and THOMPSON, JJ., concur.