705 So.2d 632 (1998)
Joshua LAW, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0776.
District Court of Appeal of Florida, Fifth District.
January 16, 1998.
*633 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Joshua Law (defendant) appeals his sentences which were imposed by the trial court. We affirm.
After the defendant entered pleas of nolo contendere to the charges of burglary of a dwelling and petit theft,[1] the trial court sentenced him as a youthful offender to a term of two years' imprisonment followed by five years' probation. As a condition of probation the court directed the defendant to complete a drug or alcohol rehabilitation program. The court also directed him to pay restitution, but the court reserved jurisdiction to later determine the amount which was owed to the victims of the defendant's crime. The defendant filed a notice of appeal from this sentencing order.
The defendant first challenges the trial court's decision to enter a restitution order. Specifically, the defendant argues that the restitution order must be stricken because the police have already returned the stolen items to the victims and therefore the victims are not entitled to receive restitution. This argument must be rejected as meritless because the instant record does not demonstrate that the victims have recovered the entire loss incurred as a result of the defendant's criminal conduct. In fact, the only documents in the record pertaining to this issue are police reports which indicate that some of the stolen property was recovered by the police. However, there is no indication that the victims recovered all of the losses caused directly or indirectly by the defendant's offenses as provided by section 775.089(1)(a)1-2 of the Florida Statutes (1995).
The defendant also argues that, in any event, the trial court is now without *634 authority to enter an award of restitution in this case because more than sixty days have elapsed from the date the sentencing order was entered. Rule 3.800(c) of the Florida Rules of Criminal Procedure authorizes a trial court to modify a defendant's sentence for a period of sixty days after the date the sentence is imposed. See also § 948.03(1)(e), Fla. Stat. (1995). However, our supreme court has explained that "[i]f an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period." State v. Sanderson, 625 So.2d 471, 473 (Fla. 1993). Here, since the trial court's order of restitution was entered timely, this claim of error is rejected as meritless.
The defendant also raises two challenges to his probation order. Specifically, he first argues that the condition of probation which requires him to complete a drug or alcohol rehabilitation program must be stricken because the condition is not related to the crimes for which he was convicted. See Grate v. State, 623 So.2d 591, 592 (Fla. 5th DCA 1993)(condition of probation must be related to the crime of which the offender was convicted). This argument is completely devoid of merit because at the sentencing hearing the state clearly established a nexus between this condition of probation and the defendant's crimes. The defendant, his mother, and his attorney all stated that the defendant had a drug problem. Moreover, the defendant admitted that he committed the instant offenses in order to obtain money to buy drugs.
The defendant further argues that the trial court's order requiring him to complete a drug or alcohol rehabilitation program "as recommended by [his] probation [officer]" is improper because this language vests unbridled discretion with the probation officer. Again, we disagree. Our supreme court has explained that courts may delegate "authority for a probation officer to supervise the counseling required of some defendants, so long as this discretion is to be used only for rehabilitative purposes and does not take on the character of an essentially judicial act." Larson v. State, 572 So.2d 1368, 1371 (Fla.1991).
Finding no valid claims of error, we affirm the defendant's sentences.
JUDGMENTS AND SENTENCES AFFIRMED.
GRIFFIN, C.J., and HARRIS, J., concur.
NOTES
[1] §§ 810.02, 812.014, Fla. Stat. (1995).