PLEUS, J.
The defendant appeals from his sentence claiming the trial court imposed a presumptively vindictive sentence upon re-sentencing him for sexual battery, and that special probationary condition (h) is invalid. We summarily reject the first contention, finding no basis whatsoever for the vindictiveness claim. However, we find merit in the challenge to the probationary condition.
Special probationary condition (h) provides:
As directed by your Officer, you will enroll in, regularly attend, and successfully complete, such programs as are reasonably related to your past and future criminality, or the rehabilitative purposes of probation; including but not limited to alcohol and drug treatment and counseling, mental health counseling, vocation and education courses, rehabilitation programs, evaluation and therapy.
The defendant argues that permitting his probation officer to select the appropriate rehabilitative programs he should attend amounts to an improper delegation of the trial court’s authority and that a similar condition was struck down by this Court in Mitchell v. State, 954 So.2d 1263 (Fla. 5th DCA 2007).
In Mitchell, this Court, without citation of authority, held that the trial court erred in including a special condition of probation “which delegated to the probation officer the authority to order alcohol and drug testing in order for the probation officer to determine whether any substance abuse treatment was necessary.”
In Larson v. State, 572 So.2d 1368, 1371 (Fla.1991), the Florida Supreme Court explained that a trial court cannot delegate to a probation officer the sole authority to revoke a defendant’s probation as that is a purely judicial function. The court continued:
However, reasonable delegations of incidental discretion are permissible if sufficiently circumscribed by the trial court. This may be true whether or not the defendant objects. For example, we believe this can include authority for a probation officer to supervise the counseling required of some defendants so long as this discretion is to be used only for rehabilitative purposes and does not take on the character of an essentially judicial act....

Id.

The court then upheld a condition of probation requiring the defendant undergo psychological evaluation under the direction of his probation officer, explaining:
[T]he trial court did not violate the law by delegating some limited discretion to a probation officer. It is entirely proper for a probation officer to supervise conditions aimed at rehabilitation, including counseling. Nothing in this record suggests that this delegation of discretion has led to a punitive result or is so broad as to usurp an essentially judicial function.
Id. at 1372.
In Law v. State, 705 So.2d 632, 634 (Fla. 5th DCA 1998), this Court, relying on the *1201 standard set out in Larson, dismissed a challenge to a probationary condition “requiring [the defendant] to complete a drug or alcohol rehabilitation program as recommended by [his] probation [officer].” This Court rejected the claim that the condition vested unbridled discretion in the probation officer. Accord Wheatley v. State, 629 So.2d 896 (Fla. 1st DCA 1993) (upholding condition which ordered defendant to “submit to drug/alcohol evaluation and counseling as directed by your Officer”); Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989) (approving condition that “You will receive alcohol, drug and psychological evaluation and counseling as directed by your probation officer”); Boudreaux v. State, 578 So.2d 457 (Fla. 1st DCA 1991) (condition of probation requiring defendant to undergo substance abuse screening and if deemed necessary by his probation officer, receive counseling not improper).
The distinction between a permissible and impermissible delegation of authority lies with whether the probation officer is merely supervising a specific, judicially-ordered condition of probation (permissible) or whether the probation officer has been delegated the authority to impose what amounts to additional conditions of probation (impermissible). See e.g., Ackerman v. State, 835 So.2d 354 (Fla. 5th DCA 2003) (probation officer went beyond judicially-imposed conditions of probation by prohibiting probationer from “contact with playgrounds or other places where children congregate”).
Thus, in the Law line of cases, it was permissible for the trial court to have ordered the defendant to complete a drug or alcohol rehabilitation program as further recommended or directed by the probation officer while in Mitchell, it was improper for the court to delegate to the probation officer the authority to actually order alcohol and drug testing in order for the probation officer to determine whether substance abuse treatment was necessary. Accord Q.M. v. State, 969 So.2d 1182 (Fla. 1st DCA 2007) (condition of probation requiring juvenile to attend family counseling if recommended by Dep’t of Juvenile Justice stricken as improper delegation of judicial authority).
In the instant case, special condition (h) does not simply grant to the probation officer authority to supervise or direct a specific condition of probation ordered by the court. Rather, it allows the probation officer to actually impose a wide variety of programs related to rehabilitation, “programs including but not limited to alcohol and drug treatment and counseling, mental health counseling, vocation and education courses, rehabilitation programs, evaluation and therapy.” This is far more than mere supervision or direction of a judicially-imposed condition of probation. It is a broad, rather than circumscribed delegation of judicial authority to the probation officer to effectively impose conditions of probation and as such is improper under the standard enunciated in Larson. However, rather than simply eliminating this salutary aspect of probation, we remand to the trial court for clarification of the probationary condition, to judicially designate applicable rehabilitation programs while authorizing the probation officer to then supervise and effectuate the probationary condition.
AFFIRMED; CAUSE REMANDED FOR CLARIFICATION OF PROBATIONARY CONDITION (h).
PALMER, C.J. and MONACO, J., concur.