582 So.2d 657 (1991)
Robert Bron SINGLETON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2419.
District Court of Appeal of Florida, First District.
June 13, 1991.
Barbara M. Linthicum, Public Defender, and Paula S. Saunders, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
In this criminal appeal, Singleton assails as illegal a sentence imposed for his conviction for lewd and lascivious act upon a child under the age of sixteen. His argument is based upon the following three grounds: 1) that the court failed to give appellant notice or an opportunity to be heard before imposing court costs as part of the sentence; 2) that the court erred in delegating to the probation officer its exclusive authority *658 to require appellant to receive sexual abuse counseling; and 3) that the court erred in imposing as part of the sentence a term of imprisonment in conjunction with both a fine and probation. We agree with appellant as to the second ground raised, but affirm as to the first and third.
Regarding the first issue, we consider that it is now established that a trial court need not give a defendant notice and an opportunity to be heard before imposing court costs under Sections 960.20, 943.25, and 27.3455, Florida Statutes. See State v. Beasley, 580 So.2d 139 (Fla. 1991).
As to appellant's second point regarding the court's delegation to the probation officer of its authority to order sexual abuse counseling, we observe that the counseling was apparently ordered pursuant to Section 948.03(6), Florida Statutes (Supp. 1988). That statute provides, in pertinent part, as follows:
The court shall require a diagnosis and evaluation to determine the need of a probationer or offender in community control for treatment. If the court determines that a need therefor is established by such diagnosis and evaluation process, the court shall require out-patient counseling as a term or condition of probation or community control for any person who was found guilty of any of the following, or whose plea of guilty or nolo contendere to any of the following was accepted by the court:
(a) A lewd, lascivious, or indecent assault or act upon, or in the presence of, a child.
(Emphasis added.)
While a court may delegate normal supervision of conditions of probation to another official,[1] it may not delegate specific duties the law requires the court to perform. For example, in McCaskill v. State, 520 So.2d 664 (Fla. 1st DCA 1988), the trial court ordered the defendant to pay, among other things, restitution for the victim's medical expenses caused by his criminal act. The court failed, however, to set restitution in a specific amount; rather it left the amount open for determination at a future time, without directing whether the amount would be set by the court upon hearing or by the probation officer upon presentation of appropriate medical bills. This court observed that the statute authorizing imposition of restitution as a condition of probation provides that the amount of restitution is "to be determined by the court." See § 948.03(1)(e), Fla. Stat. (1985). In its consideration of such language, we noted that it would have been reversible error had the trial court explicitly directed the probation officer to determine the amount of restitution.
In the instant case, the sentencing order stated: "As a further condition of your probation, ... if directed by your probation officer, you will seek evaluation and treatment under the sexual offender program." (Emphasis added.) Section 948.03(6) provides in mandatory language that the court shall first require a diagnosis and evaluation to determine the need of the probationer for treatment, and if the court then decides that a need is established, the court shall thereafter require out-patient counseling as a term or condition of probation. Thus, contrary to the explicit terms of the statute, the trial court below neither ordered diagnosis nor evaluation to determine whether appellant was in need of such treatment, nor did it make any preliminary findings reciting that appellant was in need of treatment or counseling. Rather, it delegated its authority to the probation officer to make the initial determination of whether a need existed for treatment.
We also conclude that the above error was preserved even in the absence of a contemporaneous objection at the sentencing proceeding. See J.J.S. v. State, 465 So.2d 621 (Fla. 2d DCA 1985), wherein the Second District held that the trial court erred in delegating a judicial duty (the amount and manner of restitution) to a *659 juvenile counselor even in the absence of a contemporaneous objection. But see Barlow v. State, 388 So.2d 349 (Fla. 5th DCA 1980) (argument that trial court had improperly delegated its duty to the probation officer to determine the amount of restitution should first be raised at the trial level).
As to the appellant's final argument, urging that the trial court erred in imposing imprisonment, a fine, and probation all within one sentence, we affirm. We read nothing in the pertinent sentencing statutes cited by appellant precluding the above combination of sanctions. Appellant argues, relying upon Sections 775.083(1)[2] and 948.011,[3] Florida Statutes (1987), that when one reads the two statutes in pari materia, it becomes clear that a term of imprisonment cannot be imposed in addition to both a fine and probation, because these statutes authorize only the payment of a fine in lieu of imprisonment. Appellant also refers to Section 921.187, Florida Statutes (Supp. 1988), which establishes sentencing alternatives, pointing out that subsection (1)(b) thereof explicitly empowers only the imposition of "a fine and probation pursuant to s. 948.011 when the offense is punishable by both a fine and imprisonment." Appellant reasons therefrom that the court was without authority to impose a fine in the absence of statutory provision therefor. We disagree. We find nothing in the above statutes, as applied to appellant's case, precluding the imposition of the sanctions of fine, imprisonment, and probation in the same sentence.
Although section 775.083(1) permits, when authorized by statute, the payment of a fine in lieu of any punishment prescribed in section 775.082, it also authorizes the imposition of a fine in addition to a term of incarceration imposed under section 775.082. Section 948.011, relating to crimes for which the punishment is both fine and imprisonment, authorizes the courts, in their discretion, to substitute probation or community control for an incarcerative term. In that the offense for which appellant was convicted[4] is not one which is expressly punishable by fine and imprisonment, nor by fine in lieu of imprisonment, we do not consider that the provisions of either section 775.083(1) or 948.011 in any way preclude the sentence imposed here: three years' incarceration followed by five years' probation and a $1,000 fine.
In regard to appellant's reliance on section 921.187(1)(b), authorizing the imposition of both a fine and probation under section 948.011, if the offense is punishable by both fine and imprisonment and probation is authorized, we note that section 921.187(1)(l), allowing a trial court to sentence an offender to imprisonment in a state correctional institution, similarly makes no provision for the imposition of a fine. Nevertheless, fines are clearly authorized under section 775.083, in addition to any incarcerative punishment described in section 775.082.
Finally, we observe that general authority to impose fines as well as other penal sanctions is provided in subsection (1)(m) of section 921.187, permitting the court to "[m]ake any other disposition that is authorized by law." We therefore find no statutory impediment to the lower court's decision to impose the sanctions of incarceration, fine, and probation in the same sentence.
*660 Appellant's sentence is AFFIRMED in part, REVERSED in part, and the case is REMANDED for resentencing.
BOOTH and BARFIELD, JJ., concur.
NOTES
[1] See, e.g., Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989); Larson v. State, 553 So.2d 226 (Fla. 1st DCA 1989), approved in part, quashed in part on other grounds, 572 So.2d 1368 (Fla. 1991).
[2] Section 775.083(1) provides:

A person who has been convicted of an offense other than a capital felony may be sentenced to pay a fine in addition to any punishment described in s. 775.082; when specifically authorized by statute, he may be sentenced to pay a fine in lieu of any punishment described in s. 775.082... .
[3] Section 948.011 states:

When the law authorizes the placing of a defendant on probation, and when his offense is punishable by both fine and imprisonment, the trial court may, in its discretion, impose a fine upon him and place him on probation or into community control as to imprisonment.
[4] Appellant was convicted of lewd and lascivious act on a child under the age of sixteen years, in violation of Section 800.04(2), Florida Statutes (1987). Section 800.04 provides that such an offense is a felony in the second degree, punishable as provided in section 775.082, authorizing a maximum term of imprisonment of fifteen years, or as provided in section 775.083, authorizing a maximum fine of $10,000.