587 So.2d 648 (1991)
In the Interest of L.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00967.
District Court of Appeal of Florida, First District.
October 16, 1991.
Louis O. Frost, Jr., Public Defender, and Ward L. Metzger, Juvenile Court Coordinator, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., and Wendy S. *649 Morris, Certified Legal Intern, Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from an order adjudicating appellant delinquent. At issue is the validity of the requirement, as a condition of community control, that appellant "get with the pastor" of his mother's church and enroll in any and all of the church's youth programs.
Requiring a probationer or community controllee to submit to a course of religious instruction contravenes the First Amendment. Owens v. Kelley, 681 F.2d 1362, 1365 (11th Cir.1982). Although the record below does not indicate whether any or all of the youth programs have religious content, the order requires appellant to participate in such programs, regardless of content. This was error. The condition is also erroneous, in that it delegates to the pastor of a church the judicial function of determining those programs best suited to meet appellant's rehabilitation needs. See Singleton v. State, 582 So.2d 657, 658 (Fla. 1st DCA 1991). We must, therefore, reverse.
The record is clear, however, that the trial court found that appellant could benefit from participation in youth programs. The trial court may therefore, on remand, impose alternate conditions of community control, including the requirement that appellant attend youth programs of secular content.
BOOTH, MINER and ALLEN, JJ., concur.