608 So.2d 90 (1992)
Greg Edward EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1431.
District Court of Appeal of Florida, First District.
October 23, 1992.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Greg Edward Evans, appellant, seeks review of two conditions of community control *91 and probation imposed by the trial court, after revocation of the probation he was serving for the offense of attempted sexual battery. Appellant contends the trial court erred in ordering him to work full-time and to earn at least $800 per month, and in delegating the requirement that appellant obtain psychological evaluation and treatment to the community control/probation officer. We reverse.
A condition of probation must be reasonable, and must be "rationally related to the nature of the crime and aimed at encouraging the defendant's rehabilitation." Larson v. State, 572 So.2d 1368, 1370-71 (Fla. 1991); Smith v. State, 513 So.2d 1367, 1368 (Fla. 1st DCA 1987). Moreover, a contemporaneous objection is not a prerequisite to appeal an illegal condition of probation, or a condition of probation that "is so egregious as to be the equivalent of fundamental error." Larson, 572 So.2d at 1370-71.
A condition of probation requiring the probationer to maintain full-time employment has been found to be sufficiently egregious as to constitute fundamental error. Walls v. State, 596 So.2d 811, 812 (Fla. 4th DCA 1992). Since such factors as a down-turn in the economy could prevent the completion of such a condition of probation, a more appropriate course would be to order the probationer to seek gainful employment. Boudreaux v. State, 578 So.2d 457, 458 (Fla. 1st DCA 1991); Cowan v. State, 527 So.2d 305 (Fla. 1st DCA 1988); Walls, 596 So.2d at 812.
In a similar vein, it is a settled principle that a trial court may not delegate judicial duties to a probation officer. Larson, 572 So.2d at 1371; Singleton v. State, 582 So.2d 657, 658 (Fla. 1st DCA 1991). However, it is proper for a trial court to delegate authority to exercise incidental discretion, such as supervision of counseling for a probationer, provided the exercise of discretion is used for rehabilitative purposes. Larson, 572 So.2d at 1371; Singleton, 582 So.2d at 658.
Application of the foregoing legal principles to the instant case leads to the conclusion that the condition of probation and community control requiring appellant to maintain full-time employment, and to earn at least $800 per month, constitutes fundamental error within the contemplation of Larson and Walls. The condition is unreasonable in the context of the current job market, and it bears no rational relationship to appellant's conviction for attempted sexual battery. On remand, the trial court may modify these provisions to require that appellant must maintain or actively seek gainful employment. By the same token, if, upon remand, the trial court wishes to reimpose psychological evaluation and treatment, the specifics of such requirement must be delineated by the court. However, the trial court may delegate supervisory responsibilities to the community control/probation officer. See Ballance v. State, 447 So.2d 974, 976 (Fla. 1st DCA 1984).
Accordingly, those portions of the community control and probation orders concerning conditions of full-time employment at no less than $800 per month, and psychological evaluation and treatment as directed by the community control officer, are reversed and remanded for modification consistent with this opinion.
JOANOS, C.J., and ZEHMER and BARFIELD, JJ., concur.