924 So.2d 941 (2006)
Michelle C. SHUGAR, Petitioner,
v.
Joel K. SHUGAR, Respondent.
No. 1D05-5569.
District Court of Appeal of Florida, First District.
April 5, 2006.
Robert A. Sandow, Live Oak, for Petitioner.
Joseph R. Boyd, Joseph A. Boyd, Jr., and J. Robert Boyd, Jr. of Boyd, Lindsey *942 & Sliger, P.L., Tallahassee, for Respondent.
PER CURIAM.
Michelle C. Shugar contends in her petition for writ of certiorari that the trial court departed from the essential requirements of law by issuing three orders ruling that the guardian ad litem (GAL), appointed for the benefit of the parties' minor son, has the authority to make all decisions regarding visitation of the child with his parents. We grant the petition and remand for further proceedings.
Section 61.13, Florida Statutes (2005), sets forth the trial court's obligations when determining custody and visitation matters. Section 61.13(2)(a), provides that "[t]he court shall have jurisdiction to determine custody"; subsection (2)(b)(1) requires "[t]he court [to] determine all matters relating to custody of each minor child of the parties in accordance with the best interests of the child"; and subsection (2)(b)2.b. directs "[t]he court" to determine visitation rights of a parent when it has ordered sole parental responsibility to the other parent.[1] (Emphasis added.)
Courts may not delegate their statutory authority to determine visitation to GALs, attorneys, or experts. See, e.g., McAlister v. Shaver, 633 So.2d 494 (Fla. 5th DCA 1994); Wattles v. Wattles, 631 So.2d 349 (Fla. 5th DCA 1994); Roski v. Roski, 730 So.2d 413 (Fla. 2d DCA 1999); Scaringe v. Herrick, 711 So.2d 204 (Fla. 2d DCA 1998) (Blue, J., specially concurring). Cf. Singleton v. State, 582 So.2d 657 (Fla. 1st DCA 1991).
The petition is GRANTED.
ERVIN, PADOVANO and HAWKES, JJ., concur.
NOTES
[1] Section 61.403, Florida Statutes (2005), outlines the powers and authority of a GAL. It requires the GAL to work closely with the court to obtain evidence and information, and authorizes the GAL to make recommendations and reports to the court. None of the provisions authorizes the GAL to make independent decisions that are binding on the parties.