WARNER, J.
The wife appeals the trial court’s final judgment of dissolution, claiming the court erred in dividing the assets, calculating income of the husband, awarding an inadequate amount of alimony, calculating child support payable by the wife, and including overly restrictive parenting provisions. Almost all of the determinations are not an abuse of discretion due to the credibility determinations made by the trial court. Nevertheless, the court did err in calculating stock due to the wife based upon its determination that a portion of the stock was marital property. It also erred in failing to determine whether property the husband owned in Jamaica was marital or non-marital property. Finally, it abused its discretion in parts of the parenting plan. On these issues we reverse.
This case involved a highly contentious divorce of a sixteen-year marriage involving three children, ages ten, five and four. The wife has a C.P.A. license but stayed home with the children after their birth, doing only some contract work. The husband traded and managed properties. The parties owned multiple properties, either individually or jointly, throughout the marriage, which were the subject of equitable distribution.
When the husband filed for divorce, things became very ugly between the parties. At a temporary hearing, the court ordered the father to be the custodial parent, with supervised visitation with the mother. Both parties took various parenting classes and anger management courses. The court appointed a guardian ad litem to investigate and report to the court. In her first report at trial, the guardian ad litem recommended shared parental responsibility with the husband having the ultimate decision-making authority. She initially recommended that *140 the wife have unsupervised visitation. When the trial stretched on over several trial days spanning four months, the wife’s conduct toward the husband made the guardian ad litem change her recommendation to supervised visitation between the wife and the children. Nevertheless, the evidence also showed that the children loved their mother very much, and it was extremely stressful to them to have their visits with their mother so limited.
In its final judgment the court commented that much of the evidence was conflicting and facts were disputed. Thus, the court’s findings were based upon its conclusions as to the credibility of the witnesses. Several times during the court’s lengthy recitation of the facts as presented at trial, the court made observations of inappropriate reactions by the wife to the testimony. The court divided the various assets, after lengthy discussion of the evidence applicable to each. It awarded modest bridge-the-gap alimony and ordered the wife to pay child support, reduced from the guidelines amount.
The court ordered sole parental responsibility with the father, finding that the parties were “toxic” together. It also found that the mother’s behavior was “out of control” and the court was extremely concerned for the children’s welfare if visitations were to occur without supervision. It then ordered visitation to the wife for a maximum of four hours per week, plus a few hours on major holidays. The court also ordered that visitation would be forfeited if the assigned supervisor could not come, and no one from that particular agency was available. The court further limited the wife to two telephone calls per week of no more than fifteen minutes each (five minutes per child) and prevented her from attending any of the children’s activities and events. It prohibited her from petitioning for modification of the parenting plan unless she completed: (1) fifty-two weeks of individual psychological therapy; (2) another twenty-six weeks of joint psychological therapy with the children; (3) five additional sessions on child discipline; and (4) two eight-week sessions in parental effectiveness training.
With respect to the distribution of assets, we review the trial court’s equitable distribution of assets for abuse of discretion but accord a presumption of correctness to those findings where credibility is a factor, as it is here. See Rafanello v. Bode, 21 So.3d 867, 869 (Fla. 4th DCA 2009). A trial court’s legal conclusion that an asset is marital or non-marital is reviewed de novo. Mondello v. Torres, 47 So.3d 389, 392 (Fla. 4th DCA 2010).
In its equitable distribution, the trial court made many credibility determinations. Therefore, its determinations are presumed correct. Based upon the court’s findings, the court did not abuse its discretion in the awards it made, save for its conclusions with respect to the Grace Kennedy stock held by the husband in Jamaica.
As to the Grace Kennedy stock, the husband testified that he acquired 500,000 shares of stock by gift in 1996 but that by the time of the divorce he did not own any stock. The records custodian for the company testified at the hearing, however, and refuted that assertion. Copies of the records of the company, together with copies of transfer forms for the stock, were admitted into evidence. The books and records of the company showed that the husband owned 1,963,119 shares of stock as of the date of trial. The transfer form for the original 500,000 showed that consideration in excess of $5.5 million (Jamaican dollars) was paid for the transfer. After that, the records showed multiple bonuses of stock to shareholders from 1996 until his acquisition of additional stock of 275,-000 in 1999 and some additional purchases.
*141 In its findings of fact, the trial court found that only 275,000 shares constituted a marital asset. It did not make a ruling or resolve the conflicting testimony as to the 500,000 original shares. However, those shares were transferred for consideration as reflected by the books of the corporation, just as were the 275,000 shares. Because of the failure of the trial court to resolve the conflicting evidence as to whether the original shares were a purchase or gift, the court did not properly determine whether they were a marital or non-marital asset. On remand, the court should make a finding with respect to the original 500,000 shares, which, according to the books of the corporation were also a purchase, just as the 275,000 shares of stock were purchased.
The court also found that most of the remaining additional shares were bonus shares. That statement is not supported by competent substantial evidence. In fact, at best the evidence shows that 299,999 shares of stock could be attributable to bonuses on the original shares. The remainder would be attributable to the combined original 500,000 plus the 275,000 added stock purchases. Even if the court were to determine that the original 500,000 shares were not a marital asset, the court erred in failing to attribute a portion of the bonus shares received after the second purchase of stock as marital stock. We reverse and remand for the trial court to apportion the stock acquired by shareholder bonuses after the acquisition of the 275,000 shares, noting that there is a discrepancy in the total number of shares stated on the books of the corporation and the list of stock acquisitions through gift, bonus, or purchase.[1]
The wife also claimed that real property in Jamaica owned by the husband was marital, while the husband claimed that it was a gift. The court refused to make a determination, finding that the parties could litigate the matter in Jamaican courts. Because section 61.075(3)(a) and (b), Florida Statutes, requires the court to make clear identification of marital and non-marital assets, we reverse and remand for the court to make the necessary statutory findings. See Gladstone v. Gladstone, 733 So.2d 1090, 1091 (Fla. 4th DCA 1999).
With respect to alimony, we cannot find that the trial court abused its discretion. While the wife was not presently *142 employed, she had exceptional skills and had considerable earning capacity. As to the court’s imputation of rental income in the calculation of her present income, the court does not appear to have made that credit. The court imputed to the wife a minimum wage for the purposes of child support plus the alimony it awarded. It did not impute the rental income to her. The court did not abuse its discretion.
Finally, we conclude that the court abused its discretion in its parenting plan by prohibiting the mother from petitioning for modification prior to completing fifty-two weeks of individual therapy followed by twenty-six weeks of therapy with the children. No competent substantial evidence supports the specific type and length of therapy ordered by the court. The court ordered therapy based upon the guardian ad litem’s concern that the wife needed intensive therapy to control her anger at the husband. Specifically, she was concerned that the wife would disparage the husband in front of the children, even though no one testified that the wife had done so thus far, despite the fact that she had disparaged the husband in emails and voicemails to the husband and the guardian ad litem. A court-ordered psychological assessment report suggested various parenting classes and individual therapy to help her process her interpersonal relationships and understand how her behaviors affect others, including her children. That report, referenced in the final judgment, concluded that any personality or behavioral patterns did not negatively impact her ability to independently parent, although they may impact her ability to co-parent. That was reinforced by the husband’s admission that the wife was a good mother to the children, although she was not able to communicate rationally with him.
The provisions of the final judgment do not permit modification of the severe limitations on visitation even if a psychologist were to determine that the mother has been able to deal with her anger issues in a shorter period of time, or even if the husband’s or children’s situation were to change. Moreover, as the trial court’s findings note, the children miss their mother very much, and for the most part her interactions with them have been appropriate. The children actually want to see their mother more, not less.
A trial court’s conclusions will not be disturbed on appeal unless there is no competent evidence to support them. See Artuso v. Dick, 843 So.2d 942, 944 (Fla. 4th DCA 2003). Here, however, there was no evidence to support the specific time restrictions on the wife’s ability to petition to modify the parenting plan which has severely impacted her ability to parent her children. The court could make any increase in her time with her children conditional on her successful completion of parenting courses or therapy, all of which were recommended either by the guardian ad litem or in the psychological report. It could not arbitrarily determine that the therapy must last a year and a half before the wife can seek more time with her children. To this extent the court’s parenting order is reversed for reconsideration. Because we are reversing on one aspect of the parenting plan, the court may reconsider the entire plan and take additional testimony as it deems appropriate on these issues.
As to the issues upon which we reverse, the case is remanded for further proceedings consistent with this opinion. In all other respects the judgment is affirmed.
DAMOORGIAN and CONNER, JJ„ concur.

. We provide an example of how the bonuses should be apportioned, if the 500,000 shares were considered a gift. Bonuses of 299,999 shares on the 500,000 gift of stock were issued prior to the purchase of the 275,000 shares in 2000. Subsequent thereto, bonuses of 227,213 shares, 272,655 shares, and 327,-186 shares were issued, for a total of 827,054 in bonus stocks after the purchase in 2000. Thus, prior to the purchase the husband owned 799,999 as a result of the gift plus bonus stock. The court should attribute to the wife the shares of bonus stock received after the purchase of the 275,000 in proportion to the ratio between the amounts owned by the husband by gift and the amount purchased by the husband. The ratio of the 799,999 shares to 275,000 shares amounts to approximately 75/25. Applying that ratio to the shareholder bonuses of 827,054 shares, an additional 206,763 shares should have been attributed to the 275,000 marital shares, for a total of 481,763 shares. As the court awarded the wife half of the marital shares, she would be entitled to 240,882 shares. However, all the stock is not accounted for. The gift, purchase, plus bonuses, as set forth in the final judgment total only 1,902,053, whereas the court found that the husband owned 1,963,119 shares. The court should attempt to resolve this discrepancy if it can, or apportion the difference equitably between the parties. On the other hand, if the court finds that the original 500,000 of shares were purchased and are marital property, then the court can simply split the entire amount of stock equally between the parties.