EVANDER, J.
The former wife appeals from a final judgment for dissolution of marriage. She contends that the trial court erred by failing to address her claim that the Individual Retirement Accounts (IRAs) titled in her name and certain items of personal property were nonmarital assets and not subject to equitable distribution. We agree.
Section 61.075(3)(a), Florida Statutes (2010), requires a trial court, in any contested dissolution action, to make specific written findings of fact that, inter alia, clearly identify nonmarital assets and ownership interests:
In any contested dissolution action wherein a stipulation and agreement has *312 not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1). The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following:
(a) Clear identification of nonmarital assets and ownership interests; ...
See also Preudhomme v. Bailey, 82 So.3d 138, 141 (Fla. 4th DCA 2012) (reversing final dissolution judgment where trial court refused to determine whether certain Jamaica property was marital or nonmari-tal, but instead determined that parties could litigate matter in Jamaican courts because statute requires court to make clear identification of marital and nonmari-tal assets).
In the instant case, the former wife testified that she had three IRAs totaling in excess of $110,000 and that most of the funding for these IRAs occurred prior to the parties’ marriage in November 2003. Our reading of the record indicates that approximately $18,000 may have been added to the IRAs during the marriage but, according to the wife, these funds were gifts from her parents. The former wife’s evidence was largely uncontroverted. The trial court did not make a determination as to whether the former wife’s IRAs (or any portion thereof) were nonmarital, but instead directed that the IRAs be used to pay off marital debts and liabilities that might remain after the sale of the parties’ jointly-held real property and businesses. (The trial court found that the parties’ real property and businesses were “upside down.”).
Similarly, the former wife identified certain items of personal property that she claimed to have brought into the marriage. The former husband acknowledged that some (but not all) of these items were, indeed, the former wife’s premarital property. Notwithstanding the former husband’s admission, the trial court included all the personal property in the equitable distribution plan and failed to make any finding as to whether such personal property was marital or not.
Despite the request both at trial and in a timely-filed motion for rehearing to make a determination on the former wife’s claim that the IRAs and certain items of personal property were her nonmarital assets, the trial court failed to do so. This noncompliance with section 61.075(3)(a) requires reversal. Because a proper determination of the ownership interest in the IRAs and the personal property will likely impact other provisions of the final judgment, the trial court may reconsider its equitable distribution plan in its entirety.[1] See Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981) (where a trial court is found to be in error as to some aspect of its disposition in marital dissolution case, cause should be remanded with sufficient authority so that trial court may again exercise broad discretion to modify related matters within its original plan for property division and support as may be necessary in order to do equity and justice between parties in view of changes required by appellate opinion).
We affirm, without discussion, as to the third issue raised on appeal.
*313 AFFIRMED, in part; REVERSED, in part; REMANDED.
COHEN and JACOBUS, JJ., concur.

. For the benefit of the trial court on remand, we would observe that both parties testified that they borrowed $10,000 from the former wife's parents to help purchase a lot. Notwithstanding the "lack of supporting documentation," the parties’ testimony clearly established the existence of a marital debt.