DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SRINATH SUBRAMANIAN,**
Appellant,

v.

**VEENA SUBRAMANIAN,**
Appellee.

No. 4D16-4263

[March 14, 2018]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lester Langer, Senior Judge; L.T. Case No. 14-510 FMCE (35).

Elizabeth J. Kates, Pompano Beach, and Lisa Marie Macci of Lisa Marie Macci, PA, Boca Raton, for appellant.

Terrence P. O'Connor of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

The former husband appeals and the former wife cross-appeals a final judgment of dissolution of marriage. We affirm with respect to the vast majority of the former husband's many arguments because the issues raised are either meritless, unpreserved, or waived. We also affirm with respect to the issue raised on cross-appeal without further discussion. However, we reverse in part to correct an error within the judgment's timesharing schedule and error within the equitable distribution scheme.

The timesharing schedule provides for progressive increases in the former husband's timesharing with the parties' minor children and specifies:

11. After Husband's successful completion of 3 months of supervised timesharing described in the prior paragraph, and provided that father's therapist, mother's therapist[,] children's therapist and the GAL agree, additional weekday supervised timesharing should be provided to Husband.

12. After 6 months of successful supervised timesharing as provided above and provided that Husband is consistently attending therapy and complying with the instructions of his therapist, and provided that the children's therapists and the GAL agree, Husband shall begin unsupervised timesharing. The goal is to obtain an unsupervised timesharing schedule with overnights provided that the family therapist, Husband's therapist, and the GAL believe that sufficient progress has been made such that the children can enjoy a positive and constructive relationship with Husband.

The provisions above are not erroneous in their entirety; the trial court properly set forth the specific steps the former husband must take to reestablish timesharing, *see Witt-Bahls v. Bahls,* 193 So. 3d 35, 38-39 (Fla. 4th DCA 2016), and was within its discretion to condition increased timesharing on the successful completion of parenting courses and therapy, *see Preudhomme v. Bailey,* 82 So. 3d 138, 142 (Fla. 4th DCA 2012). However, the trial court erred insofar as the order delegates authority to determine visitation to therapists and the guardian ad litem. *See Shugar v. Shugar,* 924 So. 2d 941, 942 (Fla. 1st DCA 2006) ("Courts may not delegate their statutory authority to determine visitation to GALs, attorneys, or experts."). Accordingly, we reverse the timesharing plan to this extent, but because we are reversing one aspect, "the court may reconsider the entire plan and take additional testimony as it deems appropriate on these issues." *See Preudhomme,* 82 So. 3d at 142.

Turning to the equitable distribution scheme, the trial court erred in including a series of promissory notes totaling $175,150 and a debt consolidation loan of $35,000 as marital liabilities. "The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage." § 61.075(7), Fla. Stat. (2014). The evidence established that the loans were incurred by the former wife after the litigation commenced; therefore, they may not be classified as marital liabilities. Consequently, we reverse with respect to this issue and remand for the trial court to identify the marital assets and liabilities as of the date of the filing of the petition for dissolution and reconsider the equitable distribution of the parties' assets and liabilities.

*Affirmed in part, reversed in part, and remanded.*

2

CIKLIN, LEVINE and KLINGENSMITH, JJ., concur.

*  *  *

***Not final until disposition of timely filed motion for rehearing.***