DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD BARRACK,**
Appellant,

v.

**MICHELE BARRACK,**
Appellee.

No. 4D21-536

[June 30, 2021]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nickolaus Hunter Davis, Judge; L.T. Case No. FMCE19011992.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellant.

Brandon S. Vesely of The Florida Appellate Firm, P.A., St. Petersburg, for appellee.

PER CURIAM.

Richard Barrack ("former husband") appeals a post-dissolution "omnibus" order on child-related matters that temporarily modified the parenting plan incorporated into the parties' 2019 final judgment of divorce. We agree that the portion of the order granting Michele Barrack's ("former wife's") motion to *temporarily* suspend or modify former husband's timesharing impermissibly delegates the trial court's authority to reestablish former husband's parenting time to the former wife and therapists. We reverse on that point but otherwise affirm the trial court's order.

The parenting plan incorporated into the parties' final judgment of divorce stated that they would share parental responsibility of their two teenage daughters with equal overnight timesharing. Timesharing issues arose soon after the final judgment. The trial court appointed a Guardian Ad Litem ("GAL") and subsequently entered orders requiring the parties and the children to participate in various forms of therapy and psychological evaluations. Despite the terms of the parenting plan and

the ongoing therapy sessions, the former wife did not have timesharing with the children.

Thereafter, the parties filed additional motions to enforce the parenting plan, to modify it, and for contempt leading to the trial court conducting a two-day hearing to resolve about eight motions. After the hearing, the trial court entered an order reserving ruling on all issues of contempt and disposing solely of the enforcement and modification motions. However, in the order, the trial court temporarily transferred "custody" of the minor child[1] to the former wife; temporarily suspended former husband's decision making and contact with the child; and found that former husband "simply cannot be a part of the mix until therapy is concluded or at least more progress is made." The order provided that the trial court would consider former husband's motion to resume his timesharing and parental authority "[o]nce the reunification therapy, individual therapy and any residential program that Mother identifies are completed, and the individual therapist selected by Mother makes a recommendation of this Court."

Although the trial court's order stated that it would consider former husband's motion, the timing of former husband's resumed timesharing was in the hands of former wife and her selected therapists. Thus, we opine that this portion of the order impermissibly delegated to the former wife and therapists the trial court's authority to reestablish former husband's parenting time. *See Subramanian v. Subramanian,* 239 So. 3d 719, 721 (Fla. 4th DCA 2018); *Shugar v. Shugar,* 924 So. 2d 941, 942 (Fla. 1st DCA 2006) ("Courts may not delegate their statutory authority to determine visitation to GALs, attorneys, or experts.").

We also note former husband's argument that the order fails to include the "concrete steps" that he must take to regain meaningful timesharing. However, after resolving conflict among the districts on this issue, the Florida Supreme Court has held that there is no such requirement. *See C.N. v. I.G.C.,* 46 Fla. L. Weekly S93 (Fla. April 29, 2021).

Consequently, we reverse the above-outlined portion of the order, affirm the remaining provisions, and remand for the trial court to proceed consistent with this opinion.

---

[1] During the hearing, the trial court determined that the parties' eldest daughter turned eighteen and was no longer subject to the court's jurisdiction for purposes of timesharing.

*Affirmed in part, reversed in part, and remanded with instructions.*

GERBER, CONNER, and KLINGENSMITH, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**