DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CAYMAN FOSTER,** by and through his Guardian, **TERRI L. FOSTER,**
Appellant,

v.

**GUARDIANSHIP OF CAYMAN FOSTER,**
Appellee.

Nos. 4D21-2229 and 4D21-2263

[January 4, 2023]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Steven J. Levin, Judge; L.T. Case No. 432014GA000527.

Karen O'Brien Steger of Steger Law, Stuart, and Stephanie Langer of Disability Independence Group, Inc., Miami, for appellant.

Sabarish P. Neelakanta of SPN Law, LLC, West Palm Beach, for appellee.

PER CURIAM.

This appeal arises from the guardianship established for the benefit of Cayman Foster (the ward), an individual whose incapacity arises from an autism spectrum disorder. The ward's autism impacts his ability to expressly communicate his wishes regarding the level of contact which he desires to maintain with his family, such that those wishes can be effectuated consistent with sections 744.3215 and 744.361(13), Florida Statutes (2016). We affirm the order on appeal, which concerns the level of contact which the guardian is required to facilitate between the ward and his father, because the issues raised by the guardian and the ward in these consolidated appeals lack merit.

Our affirmance is necessarily without prejudice to the ability of either the ward or "any interested person" to petition for judicial review pursuant to section 744.3715(1), Florida Statutes (2016), should the circumstances surrounding the ward's desire to have contact with his father—as determined by the trial court—change during the remainder of this guardianship.

*Affirmed.*

CIKLIN and ARTAU, JJ., concur.
WARNER, J., concurs in part and dissents in part with an opinion.

WARNER, J., concurring in part and dissenting in part.

In this guardianship case, a guardian and adult ward both appeal a trial court order requiring the guardian to allow visitation with the ward by his father and delegating to a speech pathologist the ultimate decision making as to whether visitation would continue with the father. While I agree that the trial court could order visitation, I would reverse the trial court's delegation of authority to a speech pathologist to determine whether visitation would continue.

The proceedings are lengthy and complicated. I set forth a very abbreviated recitation of the important aspects for the purposes of this opinion.

The ward is a developmentally disabled adult diagnosed with an autism spectrum disorder. Because of this disorder, his communication abilities are hampered such that he often responds to questions in short one-word phrases, and he is largely unable to engage in reciprocal or sustained conversations.

After a highly contentious divorce between the ward's parents, the mother petitioned and was appointed as the ward's guardian. Then, as guardian, she refused to allow the father to communicate or visit with the ward. In response, the father filed a petition for judicial review pursuant to section 744.3715, Florida Statutes (2016), arguing that the guardian had denied him visitation. The father claimed that the guardian violated section 744.361(13)(b), Florida Statutes (2016), which requires a guardian to "[a]llow the ward to maintain contact with family and friends unless the guardian believes that such contact may cause harm to the ward." The guardian answered, denying the father's allegations.

After the court appointed a monitor, the court conducted several days of evidentiary hearings to determine the ward's wishes. Several teachers and former therapists of the ward all testified to their association with the ward and their opinion that the ward could appropriately verbalize his desires. They all testified that he did not wish to see his father. The court then paused the hearings and ordered that the ward be examined by a qualified and licensed speech and language pathologist who could determine whether "no" meant "no" when the ward stated he did not want

2

to visit with his father.  The court appointed a speech pathologist who, after examining the ward, determined that the ward did want to visit the father.  The evidentiary hearings resumed with the testimony from the speech pathologist and others.

After the hearings were concluded, the court granted the father's petition, adopting the speech pathologist's conclusion that the ward wanted to see his father.  The order then established a procedure for one-hour weekly meetings.  The meetings would take place at a neutral site in the presence of witnesses, the ward's former therapists and teachers being among the designated witnesses.  The court order required that if the witnesses thought the meetings were detrimental to the ward, they shall contact the court appointed speech pathologist, who "as the neutral and detached individual appointed by this Court, shall decide whether the meetings stop, move forward, or require different approaches or ideas." From this order, both the ward and the guardian appeal.

Both the guardian and the ward contend that the court had no authority to order visitation between the ward and the father.  However, I find that section 744.3715 must be construed to permit the court to order visitation when the court finds that the guardian is not allowing visitation with family members and such visitation is desired by the ward and in the ward's best interests.  That section pertinently provides:

> (1) At any time, any interested person, including the ward, may petition the court for review alleging that the guardian . . . **is denying visitation between the ward and his or her relatives in violation of s. 744.361(13**), or is not acting in the best interest of the ward.  The petition for review must state the nature of the objection to the guardian's action or proposed action. **Upon the filing of any such petition, the court shall review the petition and act upon it expeditiously**.

§ 744.3715(1), Fla. Stat. (2016) (emphasis supplied).   The statute specifically permits an interested person to file a petition to review whether the guardian is denying visitation, and the statute specifically requires the court to act on the petition.  *Id.*  It thus seems evident that, in acting on a petition regarding denied visitation to the ward's relatives, the court can within its discretion order visitation.  Where a statute is silent on the means to accomplish its provisions, a trial court maintains discretion to accomplish its purpose.  *Cf. Cook v. State*, 896 So. 2d 870, 873 (Fla. 2d DCA 2005) (where statute was silent on whether defendant's ability to pay should be considered in imposing costs on a defendant, trial court had

3

discretion to consider defendant's finances); *State v. Carlton,* 138 So. 612, 621 (Fla. 1931) (where statute is silent on how a board should administer a fund, board has some discretion on administration of fund). I thus agree that the court had discretion to require visitation, where it found that the ward wanted to see his father, but the guardian refused to make visitation available.[1]

To implement visitation, the court established a monitoring system, but it left the determination of whether visits would continue to the speech pathologist whom it had appointed to examine the ward. I would reverse this portion of the order, as I can find no authority for the court to delegate its decision-making authority to this private party.

In *Shugar v. Shugar,* 924 So. 2d 941, 942 (Fla. 1st DCA 2006), the trial court determined that the guardian ad litem appointed for the benefit of the parties' minor son had the authority to make all decisions regarding visitation. The First District found that under section 61.13, Florida Statutes, a trial court was required to determine custody and visitation in a divorce proceeding. *Id.* at 942. In granting the petition and remanding, the court concluded, "[c]ourts may not delegate their statutory authority to determine visitation to GALs, attorneys, or experts." *Id.* (citations omitted).

Similarly, in this case, section 744.3715 provides that where visitation by a guardian is denied to the ward's relatives, it is the court which must determine visitation. Thus, the guardian's exercise of authority over visitation pursuant to section 744.361(13) must ultimately yield to the court's determination upon a petition for judicial review under section 744.3715, as is the case here. The statutes do not confer the power to compel or deny visitation to a third party, like a speech pathologist, as the trial court ordered in this case. The determination of whether visits continue rests with the trial court. While the court may take advice from experts and monitors, the court ultimately must make these determinations.

For these reasons, while I agree that the court had authority to order the father's visitation of the ward, I dissent from the majority's decision to

---

[1] While the majority of the witnesses, all of whom had worked with the ward for years and knew him well, determined that he did not want to visit with his father, the speech pathologist who saw the ward once determined that he did express a desire to visit the father. The court had competent substantial evidence to support its finding of fact, even though it might seem to a reader of this record that the evidence supporting a contrary finding was exceptionally strong.

affirm the delegation of authority to the speech pathologist to decide whether visitation will continue.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***