DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROCIO MERLIHAN,**
Appellant,

v.

**DANIEL MCWILLIAM SKINNER, JR.,**
Appellee.

Nos. 4D2022-2079 & 4D2023-0185

[March 13, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peter Holden and Mariya Weekes, Judges; L.T. Case No. FMCE17015229.

Nicole Nicolette Mace and Curt Sanchez of the Law Offices of Curt Sanchez, P.A., West Palm Beach, for appellant.

Nancy W. Gregoire Stamper of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Jonny Kousa of the Law Offices of Jonny Kousa, P.L., Coconut Creek, for appellee.

KLINGENSMITH, C.J.

Appellant Rocio Merlihan (the "Mother") appeals the trial court's final order on parental responsibility, time-sharing, child support, and medical expenses as well as the trial court's order granting appellee Daniel McWilliam Skinner, Jr.'s (the "Father") motion for contempt. We reverse for the reasons set forth below and remand to the trial court for further proceedings.

**The Final Order on Parenting Issues**

In formulating its order on parenting issues, the trial court approved and incorporated the Guardian Ad Litem's (GAL) final report in its entirety. On appeal, the Mother asserts the trial court's approval and adoption of the GAL's report was improper, and the resulting order does not contain all the provisions required of a parenting plan under Florida Statutes. The Mother also argues that certain provisions within the order are inherently in conflict. Because the part of the order dealing with parental

1

responsibility is legally insufficient, impacting the entire final judgment, we reverse.

A trial court may not delegate its statutory responsibility to determine time-sharing issues to a third party, even if the third party is an expert or GAL. *See Subramanian v. Subramanian*, 239 So. 3d 719, 721 (Fla. 4th DCA 2018) (citing *Shugar v. Shugar*, 924 So. 2d 941, 942 (Fla. 1st DCA 2006)). In *Perlow v. Berg–Perlow*, 875 So. 2d 383 (Fla. 2004), the trial court received a proposed final judgment from one of the parties and immediately adopted it without modification and without giving the other party an opportunity to comment or object. In concluding the trial court erred in this regard, the Florida Supreme Court stated:

> We understand and appreciate the fact that a trial judge in these often complex and multi-issue dissolution cases can benefit from proposed findings and conclusions prepared by the parties. Such proposals can serve as a starting point and reminder of the facts and issues that should be considered and weighed by the judge . . . However, such submissions cannot substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge.

*Id.* at 389-90.

We recognize that, unlike *Perlow*, both parties in this case had the opportunity to submit proposed parenting plans. *See id.* at 387-88. However, the trial court's wholesale adoption of the GAL's proposed parenting plan that, among other things, fails to address issues required by law, includes provisions unsupported by the evidence in the case, and creates inherent inconsistencies within the court's order, indicates a lack of independent analysis of the facts, issues, and law by the trial court as it pertains to the parenting plan. Our determination that the court improperly delegated its decision-making authority is further supported by the trial court's statement that it was going to rely heavily upon the GAL's report and parenting plan. In addition, the trial court referred the parties to the GAL regarding any remaining questions which they may have had about the parenting plan.

When the trial court creates or adopts a parenting plan that falls short of meeting the statutory requirements, the appropriate course of action is to reverse and remand with instructions to address the missing requirements. *See Scudder v. Scudder*, 296 So. 3d 426, 430 (Fla. 4th DCA 2020). Here, the parenting plan proposed by the GAL and adopted by the trial court contains at least four legal defects.

2

First, neither the trial court's order nor the GAL's parenting plan discusses jurisdictional issues as required by section 61.046(14)(b), Florida Statutes (2020). The Father argues the Mother failed to preserve this issue for review, but in the family law context, "the failure to comply with the statute's requirement of factual findings is reversible error regardless of whether a motion for rehearing is filed." *Fox v. Fox*, 262 So. 3d 789, 791 (Fla. 4th DCA 2018).[1]

Second, the plan's provision requiring the parties to attend co-parenting classes is too vague to be enforceable because it fails to provide a specific duration for attendance or a clear standard by which the trial court would judge the parties' compliance. *See Ford v. Ford*, 153 So. 3d 315, 318-19 (Fla. 4th DCA 2014); *see also Seligsohn v. Seligsohn*, 259 So. 3d 874, 877 (Fla. 4th DCA 2018).

Third, the parenting plan contains inconsistent definitions of "shared parental responsibility." Where a parenting plan contains inconsistences, remand may be necessary for the trial court to enter an internally consistent order. *See, e.g.*, *Pope v. Langowski*, 115 So. 3d 1076, 1077-78 (Fla. 4th DCA 2013). Section 61.046(17), Florida Statutes (2020), defines "shared parental responsibility" as a "court-ordered relationship in which both parents retain full parental rights and responsibilities with respect to their child and in which both parents confer with each other so that major decisions affecting the welfare of the child will be determined jointly." § 61.046(17), Fla. Stat. (2020).

The trial court's order on parenting issues states: "The parties shall enjoy shared parental responsibility. *When the minor child is with the Father, he will make the decisions, and when the minor child is with the Mother, she will make the decisions.*" (emphasis added). In contrast, the GAL's parenting plan, as adopted into the trial court's order, states:

---

[1] We note that after the Mother filed this appeal, the Florida Supreme Court amended Florida Family Law Rule of Procedure 12.530(a) to require an appellant to file a motion for rehearing to preserve for appeal the issue of a trial court's failure to include the requisite factual findings in a final judgment. *See In re: Amends. to Fla. R. Civ. P. 1.530 & Fla. Fam. L. R. P. 12.530*, 346 So. 3d 1161 (Fla. 2022); *In re: Amends. to Fla. R. Civ. P. 1.530 & Fla. Fam. L. R. P. 12.530*, 373 So. 3d 1115 (Fla. 2023); *see also* Fla. Fam. L. R. P. 12.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule."). These amendments are not retroactive and do not apply to this appeal. *See Cerniglia v. Cerniglia*, 679 So. 2d 1160, 1164 (Fla. 1996).

> The parties shall have shared parental responsibility of [the daughter] . . . *and all major decisions* including, but not limited to, health; medical, dental, selection of doctors, medical procedures, education (religious and secular); sports, extracurricular activities, learning disabilities, behavioral problems, emotional well-being, moral, social, recreational and legal matters, adolescent, welfare, and upbringing of the child *shall be made on a joint decision-making basis with each party conferring and cooperating with the other.*

(emphasis added). These two provisions are in conflict. On remand, the trial court should correct these inconsistencies and enter an order defining shared parental responsibility in a manner consistent with section 61.046(17).

The fourth legal defect resulting from the trial court's improper delegation of authority is the provision waiving shared parental responsibility under certain circumstances. The relevant provision provides:

> Should either party seek the consent or approval of the other party on any child[-]related matter and the other party fails to respond to the other party's request for consent or approval for any non-emergency matter within forty-eight (48) hours, the other party's consent or approval is deemed waived and the requesting party may move forward on that specific child-related issue as if the other party consented.

The trial court abused its discretion in adopting the GAL's 48-hour waiver provision because section 61.13(2)(b), Florida Statutes (2020), does not require the trial court to include such a provision, *and* neither parent requested it. *See Scudder*, 296 So. 3d at 431 (trial court erred by including a provision in the parenting plan which the statute did not require, and the parents did not request). The record does not indicate that the trial court or the parties discussed the need for such a provision at trial. Further, given the lack of allegations that the parents ignore one another to "veto" matters of shared parental responsibility, the evidence in this case does not justify the provision.

We reverse the final judgment and remand for further proceedings consistent with this opinion. We decline to address the parties' other arguments regarding alleged errors in the order and final judgment,

without prejudice for them to present those issues to the trial court upon remand.

## The Contempt Order

The Mother also appeals the trial court's order holding her in contempt of the time-sharing order. She argues the contempt order should be vacated because it did not set forth any facts showing that the violation was willful or that she had the ability to comply with the order. "A contempt order is reviewed for an abuse of discretion or fundamental error." *Ford,* 153 So. 3d at 317-18 (citing *Wilcoxon v. Moller,* 132 So. 3d 281, 286 (Fla. 4th DCA 2014)).

To hold a person in civil contempt, a court must find that the person had the ability to comply with the previous court order and willfully refused to do so. *See id.* at 318 (quoting *Harris v. Hampton,* 70 So. 3d 747, 749 (Fla. 4th DCA 2011)); *see also Wolf v. Wolf,* 296 So. 3d 479, 485 (Fla. 2d DCA 2020). Additionally, an order which a person is accused of willfully violating must be clear and precise, and the person's conduct must clearly violate the order. *See Reder v. Miller,* 102 So. 3d 742, 743 (Fla. 2d DCA 2012).

The trial court's order holding the Mother in contempt does not contain the requisite finding that the Mother had the ability to comply with the time-sharing order. *See Dep't of Child. & Fams. v. R.H.,* 819 So. 2d 858, 862 (Fla. 5th DCA 2002). The Father argues the Mother failed to show she could not comply. However, the law is clear that the trial court must make an affirmative finding that the Mother could comply with the time-sharing order. *See id.; see also Ford,* 153 So. 3d at 318 (affirming a trial court's contempt order because it affirmatively found that the mother had the ability to comply with the time-sharing order).

The trial court also did not specifically identify the language of the order which the Mother is accused of willfully violating. *See Ford,* 153 So. 3d at 317-18 (Fla. 4th DCA 2014) (stating that contempt cannot be based upon noncompliance with something which an order does not say).

For these reasons, we also reverse and remand the contempt order and instruct the court to make appropriate findings and issue a legally sufficient order resulting from those findings.

*Reversed and remanded with instructions.*

GROSS and CONNER, JJ., concur.

5

*       *       *

*Not final until disposition of timely filed motion for rehearing.*