DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEITH MALLEY,**
Appellant,

v.

**CORTNEY MALLEY,**
Appellee.

No. 4D2023-0332

[June 20, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James L. Martz, Judge; L.T. Case No. 502021DR001524.

Keith Malley, Delray Beach, pro se.

Andrew S. Berman and Andrew R. Wilson of Young, Berman, Karpf & Karpf, P.A., Miami, for appellee.

ARTAU, J.

The former husband appeals from a final judgment dissolving his marriage to the former wife and adopting a parenting plan governing the parties' custody and time-sharing with their child. We agree with the former husband's argument that the trial court's parenting plan improperly delegates the court's authority to determine the former husband's eligibility to petition for a modification of the parenting plan.

**Background**

In April 2018, the parties were married. They had one child together—a daughter born in 2019.

In 2021, the parties filed for divorce. After trial, the trial court entered a final judgment dissolving the marriage.

As part of the final judgment, the trial court adopted a parenting plan. The parenting plan awarded the former wife sole custody of the parties' daughter, as well as sole decision-making authority over her, and limited

the former husband's contact with his daughter to two-and-a-half hours of supervised visitation every Sunday.

The parenting plan provided that the former husband could petition for a modification of the plan after completing treatment for his personal issues. However, rather than requiring him to submit his proof of completion of treatment to the trial court, the parenting plan required the former husband to submit such proof to a court-appointed doctor, who would in turn apprise the court of whether the treatment was sufficient. In other words, the former husband could petition for a modification of the parenting plan only if the doctor opined that the completed treatment was sufficient.

## Analysis

"A trial court's custody or time sharing determination is reviewed under the abuse of discretion standard of review." *Munroe v. Olibrice*, 83 So. 3d 985, 986 (Fla. 4th DCA 2012) (quoting *Beharry v. Drake*, 52 So. 3d 790, 793 (Fla. 5th DCA 2010)).

Section 61.13(2)(c), Florida Statutes (2021), states: "The [trial] court shall determine all matters relating to parenting and time-sharing of each minor child of the parties in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act[.]"

When making these determinations, a trial court may "condition increased timesharing on the successful completion of parenting courses and therapy[.]" *Subramanian v. Subramanian*, 239 So. 3d 719, 721 (Fla. 4th DCA 2018). However, the trial court is to be the sole decider of whether a parent has sufficiently complied with court-ordered conditions to be eligible for an increase in timesharing and may not delegate this authority to anyone, including a court-appointed doctor. *See Barrack v. Barrack*, 323 So. 3d 764, 765 (Fla. 4th DCA 2021) ("Courts may not delegate their statutory authority to determine visitation to GALs [(guardian ad litems)], attorneys, or experts." (quoting *Shugar v. Shugar*, 924 So. 2d 941, 942 (Fla. 1st DCA 2006))).

Thus, because the trial court here delegated its authority to determine whether the conditions for modifiability of the parenting plan were met, the trial court abused its discretion.

## Conclusion

Therefore, we reverse the portion of the parenting plan addressing the former husband's ability to petition for its modification.  On remand, the trial court may reconsider the entirety of the parenting plan.  *See Preudhomme v. Bailey*, 82 So. 3d 138, 142 (Fla. 4th DCA 2012) ("Because we are reversing on one aspect of the parenting plan, the court may reconsider the entire plan and take additional testimony as it deems appropriate on these issues.").  We affirm on former husband's remaining arguments without discussion.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and LEVINE, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**

3