# Third District Court of Appeal
## State of Florida

Opinion filed March 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0384
Lower Tribunal No. F22-22425
_____

**Christopher Barbaro Mesa,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

LOBREE, J.

Christopher Barbaro Mesa appeals from his final judgment of

conviction and sentence for grand theft of a motor vehicle, contending primarily that the trial court violated his Sixth and Fourteenth amendment rights by imposing a habitual felony offender sentence enhancement based on judicial fact-finding rather than directing this issue to a jury. For the reasons below, we affirm on the sentencing claims, but reverse in part to strike and modify a condition of the probation order and correct a scrivener's error on the written judgment.

Mesa makes several arguments on appeal, but we limit our discussion to three. Mesa first contends that his split sentence of five years in prison followed by four years of probation violates the Sixth and Fourteenth Amendments through judicial fact-finding necessary to increase his maximum sentence rather than empaneling a jury to make those factual determinations under Erlinger v. United States, 602 U.S. 821 (2024). However, we need not reach the merits of whether Erlinger required the habitual felony offender sentence enhancement determination to be made by a jury.

As recognized by all Florida District Courts of Appeal, Erlinger errors are subject to a harmless error review. See Tucker v. State, No. 3D24-277, 2026 WL 216386, at *1 (Fla. 3d DCA Jan. 28, 2026); Flournoy v. State, 415 So. 3d 806, 808 (Fla. 2d DCA), reh'g denied (Aug. 1, 2025); Capra v. State,

2

403 So. 3d 1063, 1064 (Fla. 5th DCA 2025); Jackson v. State, 410 So. 3d 4, 11 (Fla. 4th DCA 2025); Avalos v. State, 419 So. 3d 299, 300 (Fla. 6th DCA 2025); Hicks v. State, 422 So. 3d 607, 608 (Fla. 1st DCA 2025).  "The harmless error inquiry is 'whether the record demonstrates beyond a reasonable doubt that a rational jury would have found' that appellant qualified as a [habitual felony offender]."  Jackson, 410 So. 3d at 11 (quoting Galindez v. State, 955 So. 2d 517, 523 (Fla. 2007)).  At sentencing, the State adduced evidence of Mesa's prior convictions establishing that he qualified as a habitual felony offender.  Mesa made no contemporaneous objection at sentencing and did not contend in his subsequent Florida Rule of Criminal Procedure 3.800(b) motion to correct illegal sentence that the State failed to meet its burden.[1]  Thus, based on the record before us, we conclude that any error in failing to submit the habitual felony offender factors to a jury was harmless beyond reasonable doubt.

_____

[1] We note that at oral argument Mesa argued for the first time that this error was not harmless because the State could not show a rational jury would not have found Mesa's prior convictions were sentenced separately from each other.  We decline to reach the merits of this argument as it was not raised in the motion below or initial brief, but only addressed in supplemental briefing after the oral argument.  See Menchillo v. State, 350 So. 3d 136, 139 n.1 (Fla. 2d DCA 2022) ("For an appellant to raise an issue properly on appeal, he must raise it in the initial brief.  Otherwise, issues not raised in the initial brief are considered waived or abandoned." (quoting Rosier v. State, 276 So. 3d 403, 406 (Fla. 1st DCA 2019))).

Mesa's second argument is that condition eight of his probation order violates the double jeopardy clause because it contains special conditions that were not orally pronounced at the time of his sentencing. We agree. Standard conditions of probation are contained within section 948.03, Florida Statutes (2023), and need not be orally pronounced at the sentencing hearing as a probationer is on constructive notice of the existence of these standard conditions. See Lawson v. State, 969 So. 2d 222, 227 n.3 (Fla. 2007) (citing State v. Hart, 668 So. 2d 589, 592 (Fla.1996)). Special conditions are not authorized by statute and must be orally pronounced at sentencing before being placed in the probation order. Id. Section 948.03, provides in relevant part:

> (1) The court shall determine the terms and conditions of probation. Conditions specified in this section do not require oral pronouncement at the time of sentencing and may be considered standard conditions of probation. These conditions may include among them the following, that the probationer or offender in community control shall:
> . . . .
> (c) Work faithfully at suitable employment insofar as may be possible.
> . . . .

Here, condition eight of Mesa's probation order states: "You will work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the best of your ability, as directed by

4

your officer."  Mesa takes issue with the requirements that he "work diligently at a lawful occupation" and that he "advise [his] employer of [his] probation status."

As to the requirement that Mesa "work diligently at a lawful occupation," this language differs from the corresponding standard condition proscribed by section 948.03(1)(c).  Based on its plain language, this condition requires that Mesa maintain full-time employment as it contains no exception to the employment requirement such as the one contained in the standard condition—i.e., "insofar as may be possible."  Florida law is clear that "[r]equiring a probationer to maintain full-time employment is an improper condition of probation because a down-turn in the economy could prevent its completion." Kirkland v. State, 666 So. 2d 974, 976 (Fla. 1st DCA 1996) (citing Evans v. State, 608 So. 2d 90, 91 (Fla. 1st DCA 1992)).  The exclusion of any exception to the requirement for employment renders this condition a special condition that violated Mesa's due process rights.  Id. The condition must therefore be modified to more closely track the language of the standard condition listed in section 948.03(1)(c).

The State attempts to argue that the requirement that Mesa "will work diligently at a lawful occupation" is not an unconditional order that Mesa maintain continuous employment, because the condition contains a caveat

5

that he work "to the best of [his] ability." But the phrase "to the best of your ability" applies to and modifies only the last clause. After the briefing was filed here, this court explicitly rejected the State's argument in another case involving identical probation condition terms. See Capozzi v. State, 417 So. 3d 409, 416 (Fla. 3d DCA 2025) ("According to the State, there is no due process violation because the final phrase of the sentence modifies the requirement to-work-diligently condition, such that we should read it: 'You will work diligently at a lawful occupation . . . to the best of your ability.' We reject the State's interpretation of Condition Eight.").

As to the requirement that Mesa disclose his probationary status to his employer, this condition is not included in the standard conditions listed in section 948.03. This court has found this requirement is not subsumed within the standard condition that a probationer "work faithfully at suitable employment" and therefore this requirement must be considered a special condition. Capozzi, 417 So. 3d at 418 ("Requiring a probationer to inform her employer of her probationary status is therefore not an implied or inherent component of the standard condition she work diligently at a lawful occupation."). As this probation requirement is a special condition and was not orally pronounced, it must be stricken. See Mosley v. State, 677 So. 2d 27, 28 (Fla. 4th DCA 1996) ("We strike condition seven (that part requiring

6

Mosley to inform her employer of her probationary status) because it was not orally pronounced.").

Finally, we note that both parties agree that the probation order incorrectly states Mesa entered a guilty plea. We thus remand for the trial court to correct this scrivener's error. See Sikich v. State, 337 So. 3d 811, 812 (Fla. 4th DCA 2022). Accordingly, we affirm Mesa's judgment, affirm in part his sentence, strike that portion of condition eight requiring Mesa to advise his employer of his probationary status, and remand with directions for the trial court to modify condition eight to more closely track the standard condition in section 948.03(1)(c) and correct the scrivener's error.[2]

Affirmed in part, reversed in part, and remanded with directions.

---

[2] In Capozzi, 417 So. 3d at 418 n.9, this court acknowledged such directions on remand "should not be read to hold that the standard conditions must be identical to the wording in section 948.03— 'every detail need not be spelled out and the language should be interpreted in its common, ordinary usage.'" (quoting Lawson, 969 So. 2d at 235). This court stated it simply took the opportunity "to encourage trial courts to be as specific as possible so that probationers are on clear notice of exactly what they are required to do and what actions will subject them to revocation." Id.